COMMUNITY NEWSPAPERS, INC., and Elsa R. Schupmehl, Plaintiffs-Respondents,

v.

The CITY OF WEST ALLIS, Defendant-Appellant,†

J.J. BLONIEN & ASSOCIATES, INC., also d/b/a The West Allis Enterprise, Defendant.

Court of Appeals

*No. 90–0202. Submitted on briefs June 5, 1990.—Decided July 17, 1990.*

(Also reported in 461 N.W.2d 785.)

†Petition to review denied.

28

For the defendant-appellant, City of West Allis, the cause was submitted on the briefs of *John J. Kastl,* of Milwaukee, and *Michael J. Sachen,* city attorney for the City of West Allis, of West Allis.

For the plaintiffs-respondents Community Newspapers, Inc. and Elsa R. Schupmehl, the cause was submitted on the briefs of *Carolyn Gnaedinger* and *Elwin J. Zarwell* of *Quarles and Brady,* of Milwaukee, and *Richard C. Gad* of *Richard C. Gad, S.C.,* of Milwaukee.

Before Moser, P.J., Sullivan and Fine, JJ.

SULLIVAN, J.   The City of West Allis appeals from a judgment declaring its contract for the publication of legal notices in the *West Allis Enterprise* void and dismissing its counterclaim against Community Newspapers, Inc. (CNI). Because we conclude that Local Rule 365[1] of the First Judicial District, State of Wisconsin (Jan. 1, 1988) is valid and enforceable, we hold that summary judgment was properly granted and affirm the judgment of the trial court.[2]

J.J. Blonien & Associates, publisher of the *West Allis Enterprise,* and CNI, publisher of the *West Allis Star,* submitted bids to publish legal notices for the City of West Allis. Blonien was the low bidder, and the City awarded a one-year contract to the *Enterprise.*

CNI filed this action against Blonien and the City seeking declaratory and injunctive relief. On CNI's motion for summary judgment, the trial court concluded that the *Enterprise* did not qualify for the publication of legal notices under sec. 985.03, Stats., and it declared the contract between the City and Blonien void. Blonien

---

[1]Local Rule 365 prescribes a 20-day time frame from the date of service in which respondent must file a brief. Subsequent to this appeal, the chief judge of Milwaukee county renumbered the rule to Local Rule 364, and, among other things, changed the time frame to 15 days. This decision addresses the rule prior to this change.

[2]The City's notice of appeal states that this appeal is taken from the trial court's "Order for Partial Summary Judgment and Declaratory and Injunctive Relief" dated April 12, 1989, and the "Judgment" dated January 5, 1990. "An appeal from a final judgment or final order brings before the court all prior nonfinal judgments, orders and rulings adverse to the appellant and favorable to the respondent made in the action or proceeding not previously appealed and ruled upon." Sec. 809.10(4), Stats. Thus, we regard this appeal as taken from the final judgment dated January 5, 1990.

appealed, and we affirmed the decision of the trial court. *Community Newspapers, Inc. v. City of West Allis,* 156 Wis. 2d 350, 456 N.W.2d 646 (Ct. App. 1990).

The dispositive issues presented by the instant appeal involve the procedural history of the City's counterclaim against CNI. The counterclaim alleged that between 1983 and 1987 CNI charged the City excessive rates to publish its legal notices in the *Star.* On September 20, 1989, CNI filed its notice of motion and motion for summary judgment on the City's counterclaim. The motion was scheduled to be heard on October 20, 1989. The City's response, dated October 16, 1989, was filed with the court on October 19, 1989, the day before the scheduled hearing. The trial court determined that under Local Rule 365 the City's brief and supporting papers had not been filed in a timely manner and disregarded them. Based upon the record before it, the trial court granted summary judgment to CNI. *See* sec. 802.08(2), Stats.

On appeal, the City's arguments are principally directed toward the validity of Local Rule 365. The City argues: (1) that the circuit courts do not have authority to adopt procedural rules; (2) that Local Rule 365 is invalid because it is fatally inconsistent with sec. 802.08(2), Stats.; and (3) that the trial court improperly denied the City a hearing on the summary judgment motion as prescribed by sec. 802.08(2), Stats.

Local Rule 365 provides in part:

> The respondent(s) shall have twenty (20) days from the filing of the movant's brief or statement waiving right to file a brief within which to file their brief and supporting documents, or waive in writing their right to do so.

> If the respondent fails to file his brief and supporting documents or a waiver of the same within the twenty

31

(20) day period, it shall be presumed that respondent has waived his right, and the court shall accept no further supporting documents or briefs from said party, and a decision shall be based upon the record as timely filed.[3]

■

The legislature has delegated authority to the state supreme court to promulgate procedural rules in judicial proceedings. *See* sec. 751.12, Stats. In turn, the supreme court has delegated part of its authority to the circuit courts; each Chief Judge is authorized to adopt local judicial rules. *See* Wis. S. Ct. Rules 70.19(3)(e) and 70.34. "The administration of the courts in Milwaukee county is governed by the statutes, supreme court rules, and local rules." *Dumer v. State,* 64 Wis. 2d 590, 597, 219 N.W.2d 592, 597 (1974). In addition, the authority of the circuit courts to adopt and apply local rules is based upon the courts' inherent power to control the disposition of the cases before them. *See Latham v. Casey & King Corp.,* 23 Wis. 2d 311, 314, 127 N.W.2d 225, 226 (1964); *Jacobson v. Avestruz,* 81 Wis. 2d 240, 244–46, 260 N.W.2d 267, 269 (1977).

■

The City argues that Rule 365 is invalid because it is inconsistent with sec. 802.08(2), Stats. *Cf. Carlson Heating, Inc. v. Onchuck,* 104 Wis. 2d 175, 178, 311 N.W.2d 673, 675 (Ct. App. 1981) (a statute that expresses one thing excludes another). However, we hold that there is no conflict between sec. 802.08(2) and Local Rule 365. Absent a local rule prescribing a more restrictive schedule, an opposing party "may" file affidavits any time before the day of the hearing. *See* sec.

---

[3]As of this decision, twenty other counties have adopted similar procedural rules prescribing a time limit for filing respondents' briefs in summary judgment motions.

802.08(2), Stats. Section 802.08(2) does not grant an unqualified right to file affidavits up to that date. *See id.* Although Local Rule 365 prescribes a more restrictive time limit than sec. 802.08(2), the provisions are not inconsistent. Local Rule 365 supplements sec. 802.08(2). *Cf. Latham,* 23 Wis. 2d at 313-14, 127 N.W.2d at 226 (local rule making pretrial conference mandatory supplemented statute making it optional). We conclude that Local Rule 365 reasonably furthers the courts' interest in efficient judicial administration and is, therefore, valid and enforceable. *See Pfeil v. Rogers,* 757 F.2d 850, 857-58 (7th Cir. 1985); 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure,* sec. 2719 at 12-13 (2d ed. 1983); *see also Carlson Heating,* 104 Wis. 2d at 179 n.2, 311 N.W.2d at 675-76 n.2 (federal case law interpreting federal procedural rule that is essentially similar to state rule is persuasive authority in construing state rule).

The trial court properly applied Local Rule 365 and did not err by refusing to consider the City's brief and Blonien's affidavit. In the absence of these documents, the record of this case demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* sec. 802.08(2), Stats. Therefore, the trial court did not err by granting summary judgment to CNI. *See In re Cherokee Park Plat,* 113 Wis. 2d 112, 116, 334 N.W.2d 580, 582-83 (Ct. App. 1983).

At the summary judgment hearing, the City requested an opportunity to rebut CNI's legal arguments. The trial court allowed the City to make its record, then truncated further argument. The City argues that this constituted error. Based upon our review

of the record, we conclude that even if it had been afforded the opportunity for additional legal argument, the City's failure of proof would compel summary judgment in this case.

Because these issues are dispositive, we need not address the additional arguments presented on appeal. *See Gross v. Hoffman,* 227 Wis. 296, 300, 277 N.W. 663, 665 (1938).

*By the Court.*—Judgment affirmed.