DAVID CHRISTENSEN TRUCKING & EXCAVATING, INC.,
Plaintiff-Respondent,

v.

Bijan MEHDIAN, Defendant-Appellant.

Court of Appeals

*No. 2005AP2546. Submitted on briefs August 22, 2006.
—Decided November 21, 2006.*

2006 WI App 254

(Also reported in 726 N.W.2d 689.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Terrence M. Polich* of *Clifford & Raihala, S.C.* of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Mark A. Sauer* of *Mallery & Zimmerman, S.C.* of Wausau.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. Bijan Mehdian appeals a summary judgment. The circuit court, pursuant to a local rule regarding the submission of summary judgment material, refused to consider materials that Mehdian filed late. Because the local rule is inconsistent with, and in direct conflict with, WIS. STAT. § 802.08(2)[1] regarding time for filing opposing briefs and affidavits, we conclude the circuit court improperly applied the law when it relied exclusively on the local rule. Nevertheless, Mehdian's submissions were untimely even

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

768

under § 802.08(2) and he did not seek to enlarge time under Wis. Stat. § 801.15(2)(a) or any other rule. Accordingly, we affirm on the issue of liability. We reverse and remand for further proceedings as to damages.

¶ 2. David Christensen Trucking & Excavating, Inc., rented a commercial garage to Mehdian and two other co-tenants in 2003. Under the lease, the tenants were required to pay $1,500 monthly rent from May 2003 through April 2006. After the first month, the tenants were often late in paying rent, and they stopped paying altogether as of September or October 2003.[2] Christensen claims that on November 13, 2003, between 2:30 a.m. and 5 a.m., the tenants removed all the contents of the garage, including the furnace, light fixtures, and other fixtures belonging to Christensen. Christensen deemed the property abandoned and brought an action against Mehdian to recover unpaid rent and other damages.

¶ 3. Christensen filed a "Notice of Motion and Motion for Summary Judgment" on February 22, 2005, together with a supporting affidavit and brief. The notice of motion indicated the date of the hearing was April 4, 2005. Mehdian did not file a response brief until March 29, four business days before the motion hearing. However, the brief was not accompanied by an affidavit or other proof. Mehdian did not file any evidence opposing summary judgment until the day of the hearing, at which time he filed an affidavit and also a "corrected" version of his response brief.

---

[2] Christensen's amended complaint alleges the last rent payment was received fifteen days late in October 2003. Christensen's affidavit in support of summary judgment states the tenants "last paid rent for the month of September 2003."

¶ 4. Christensen brought a "Motion to Strike Defendant's Response to Motion For Summary Judgment." Christensen contended that Mehdian's response to the summary judgment motion and affidavit were filed untimely pursuant to MARATHON COUNTY CIR. CT. R. 4.20(1)(b) (4th ed. Nov. 2000).[3] Additionally, Christensen argued that Mehdian's materials were untimely pursuant to WIS. STAT. § 802.08.[4]

¶ 5. Relying exclusively on local rule 4.20(1)(b), which requires parties opposing a summary judgment motion to file their brief and opposing affidavits twenty days prior to the hearing date, the circuit court refused to consider Mehdian's brief and affidavit. The court referred to local rule 4.20 as the "default rule," and did not consider WIS. STAT. § 802.08(2). The court cited *Community Newspapers, Inc. v. West Allis*, 158 Wis. 2d 28, 33, 461 N.W.2d 785 (Ct. App. 1990), to support its conclusion that to enforce the local rule, the court had

---

[3] MARATHON COUNTY CIR. CT. R. 4.20(1)(b) provides in part:

**(1) *Briefs prior to Hearing*:** A motion for summary judgment under WIS. STAT. § 802.08 or a motion for dismissal under WIS. STAT. § 802.06 shall automatically invoke the following scheduled order.

. . . .

 (b) *Responding Party:* Any party responding to such a motion shall file their brief and any necessary affidavits not less than 20 days prior to the hearing date.

 (c)

[4] At the summary judgment hearing, Christensen renewed his motion to strike after Mehdian's attorney informed the court: "I also have corrected a response brief and affidavit for the court." Christensen's attorney stated, "I have now been handed a copy of an affidavit in support of the response brief which is clearly late. I had only had about ten minutes to review it."

the authority to refuse to consider materials that were filed late. The court stated in its written decision:

> This is not a situation where the deadline was missed by a mere day or two; here, the defendants filed nothing until four business days prior to the hearing, and no evidentiary materials until the day of the hearing. The timing prevented the plaintiff from having any meaningful opportunity to review the materials. In short, this situation is precisely the type of situation that the rule seeks to avoid. Therefore, only the plaintiff's materials will be considered in determining whether to grant summary judgment.

¶ 6. The court concluded that Christensen was entitled to judgment as a matter of law because Christensen's evidence established that the tenants had removed all their belongings from the property and failed to pay rent for at least two months according to the evidentiary material before the court. The court therefore found that Mehdian intended to abandon the property. Based on a post-hearing affidavit Christensen submitted, the court also concluded that Christensen had taken reasonable steps to re-rent or sell the property since Mehdian abandoned the property, and awarded Christensen rent through June 2005. The court retained jurisdiction over the question of future rent through the end of the lease term. Mehdian now appeals.

¶ 7. Mehdian argues the circuit court applied an incorrect legal standard when it based its decision on local rule 4.20(1)(b) and *Community Newspapers*. Mehdian insists the proper standard is set forth in Wis. Stat. § 802.08(2), which requires an adverse party to "serve opposing affidavits, if any, at least 5 days before the time fixed for the hearing." Mehdian contends the

local rule conflicts with § 802.08(2) and thus the local rule is "superseded" by § 802.08(2). We agree.

¶ 8. In *Community Newspapers*, we held there was no conflict between Wis. Stat. § 802.08(2) and a Milwaukee County local rule prescribing a twenty-day time frame in which respondents must file a brief and supporting documents. We noted the legislature had delegated authority to the Wisconsin Supreme Court to promulgate procedural rules in judicial proceedings, and the supreme court in turn had delegated part of its authority to the circuit courts. *Community Newspapers*, 158 Wis. 2d at 32. We also noted the authority of the circuit courts to adopt and apply local rules based upon the courts' inherent power to control the disposition of cases before them. *Id.* We therefore concluded the circuit court in that case properly applied the local rule and did not err by refusing to consider an untimely brief and affidavit submitted in response to summary judgment. *Id.* at 33.

¶ 9. However, subsequent to our decision in *Community Newspapers*, our supreme court amended Wis. Stat. § 802.08(2) in response to "a plethora of local rules" that developed in response to the perceived unfairness of the minimal notice afforded under the predecessor statute.[5] *See* Judicial Council Note, 1992, to Wis. Stat. § 802.08(2), which states:

> The prior sub. (2), allowing service of affidavits opposing summary judgment up to the date of hearing, afforded such minimal notice to the court and moving party that a plethora of local court rules resulted.

---

[5] Wisconsin Stat. § 802.08(2) was created by supreme court order, entitled "In the Matter of the Promulgation of the Rules of Civil Procedure for the State of Wisconsin," effective January 1, 1976. *See* 67 Wis. 2d 585, 630 (1975).

Community Newspapers, Inc. v. West Allis, 158 Wis. 2d 28, 461 N.W.2d 785 (Ct. App. 1990). Requiring such affidavits to be served at least 5 days before the hearing is intended to preclude such local rules and promote uniformity of practice. Courts may require earlier filing by scheduling orders, however. [Re Order effective July 1, 1992].

¶ 10. Justice Prosser recently explained the intent of the amendment to Wis. Stat. § 802.08(2) while addressing the lack of uniformity among local rules on jury fee payment in the concurrence portion of his opinion in *Phelps v. Physicians Ins. Co.*, 2005 WI 85, ¶ 77, 282 Wis. 2d 69, 698 N.W.2d 643 (Prosser, J., concurring in part, dissenting in part). In *Phelps*, the majority agreed the circuit court did not erroneously exercise its discretion in finding the defendants waived the right to a jury trial because they did not pay the jury fee on time under a local rule. *Id.*, ¶ 65. Although Wis. Stat. § 805.01 preserves the right to a jury trial in civil cases, so long as the right is not waived, the statute makes no mention of the timing of the payment of jury fees. Accordingly, that detail is left to local rules. *See id.*, ¶ 73.

¶ 11. Justice Prosser wrote separately in *Phelps* to discuss the lack of uniformity among the local rules on jury fee payment. Justice Prosser noted that although a circuit court has wide discretion in enforcing local rules, this discretion is not unlimited. The local rules may not conflict with state statutes, uniform judicial administration rules promulgated by the supreme court, or even in some cases, common law doctrines. *Id.*, ¶ 75 (citations omitted). Justice Prosser discussed Wis. Stat. § 802.08(2) as an example of a uniform rule that was enacted to preclude conflicting local rules:

> When numerous circuit courts create local rules to augment a statewide rule, it is nearly inevitable that the local rules will conflict with each other. For example,

prior to 1992, Wɪs. Sᴛᴀᴛ. § 802.08(2) ("Summary judg-
ment") read in part: "The [summary judgment] mo-
tion shall be served at least 20 days before the time
fixed for the hearing. The adverse party prior to the day
of the hearing may serve opposing affidavits." In prac-
tice, this rule proved to be unfair because the nonmo-
vant could serve opposing affidavits the day before the
hearing, giving minimal notice and opportunity for the
court and the movant to prepare. Because of this, "a
plethora of local rules resulted." Judicial Council Note,
1992, § 802.08, Stats. (citing *Cmty. Newspapers*, 158
Wis. 2d [at 32 n.3]). To provide a statewide remedy, this
court acted by amending the rule to its current
form . . . . *The court made the change to "preclude such
local rules and promote uniformity of practice."* Judicial
Council Note, 1992, § 802.08, Stats.

*Id.*, ¶ 77 (emphasis added).

¶ 12. In Justice Prosser's view, "a similar state-
wide remedy" was warranted with regard to the time for
payment of jury fees. Justice Prosser stated the court
"should consider a uniform rule to avoid allowing rules
governing payment of the jury fee to become a snare,
trapping unwary litigants and depriving them of the
right to a jury trial." *Id.*, ¶ 78.

¶ 13. Justice Prosser's opinion, together with the
Judicial Council Notes, make clear that Wɪs. Sᴛᴀᴛ.
§ 802.08(2) was, in fact, amended to preclude local rules
and to provide the very statewide remedy and uniformity
of practice that Justice Prosser sought with regard to
jury fee payment. Accordingly, we conclude that Mara-
thon County local rule 4.20(1)(b) is precluded as being in
conflict with the uniform rule contained in Wɪs. Sᴛᴀᴛ.
§ 802.08(2). We thus hold the circuit court improperly
applied the law when it relied exclusively upon the local
rule to refuse to consider Mehdian's submissions.

¶ 14. Because the circuit court relied upon the local rule, the court did not consider whether Mehdian's submissions should be disregarded as untimely under WIS. STAT. § 802.08(2). However, Mehdian concedes in his briefs to this court that his affidavit was untimely even under § 802.08(2).[6]

¶ 15. Nevertheless, Mehdian insists that decisions to disregard untimely filings under WIS. STAT. § 802.08(2) must be viewed as a sanction under WIS. STAT. § 805.03. Mehdian argues that § 805.03 limits circuit courts to disregarding only late filings that are egregious, in bad faith, or without a clear and justifiable excuse. Mehdian contends the effect of disregarding his untimely filings "is tantamount to striking Mehdian's defenses or a default judgment." We are unpersuaded.

¶ 16. Although Mehdian cites several cases concerning sanctions under WIS. STAT. § 805.03, titled "Failure to prosecute or comply with procedure statutes," none involved the refusal to consider an untimely pleading under WIS. STAT. § 802.08(2). In addition, Mehdian is incorrect in asserting that summary judgment operates as a dismissal. Section 802.08(2) requires the

---

[6] Mehdian concedes in his brief to this court that his brief and affidavit opposing summary judgment "were admittedly not timely filed pursuant to [WIS. STAT. §] 802.08." Mehdian, however, claims his "[b]rief was only one day late and his affidavit, which, for the most part, merely confirmed factual assertions contained in the brief was filed five days late." Mehdian is mistaken. Argument is not evidence, and affidavits do not "confirm factual allegations" contained in a brief. We note that § 802.08(2) specifically requires that opposing *affidavits* shall be served at least five days prior to the hearing. Furthermore, Mehdian submitted a "corrected" brief at the hearing. Therefore, Mehdian's submissions were five days late even under § 802.08(2).

movant to provide sufficient evidence to entitle it to summary judgment, which is much different than striking a defense or a default judgment situation. Here, the circuit court decided the case on the merits based on the proof before it. The circuit court had no timely opposing affidavits to counter Christensen's prima facie case for summary judgment. The court found that no issues of material fact existed and that Christensen was entitled to judgment as a matter of law. We are unpersuaded that the decision whether to disregard untimely filings under § 802.08(2) must be viewed exclusively as a sanction under § 805.03.[7]

██

¶ 17. Neither party discusses in their briefs to this court whether an untimely filing under WIS. STAT. § 802.08(2) can be considered only if the party first

---

[7] This court sympathizes with the circuit courts' attempts to alleviate last-minute filings, which force the court and opposing counsel to scramble to ready themselves for the hearing. In this regard, we emphasize that the Judicial Council Note from the 1992 amendment to WIS. STAT. § 802.08(2), specifically states that the circuit courts "may require earlier filing by scheduling orders." This is reflected in § 802.08(2), which provides: "Unless earlier times are specified in the scheduling order . . . ." Here, the record does not indicate that the circuit court required earlier filings by scheduling order. Instead, the court relied entirely on its local rule when refusing to accept Mehdian's brief and affidavit in opposition to summary judgment. Similarly, we reject Christensen's contention that local rule 4.20(1)(b) by its own language created a scheduling order. Such a result would create a trap for the unwary who would be required to remain cognizant of the variations between one county's local rules and another's, contrary to the intent of the supreme court in amending § 802.08(2) to promote uniformity of practice. Furthermore, it appears that local rule 4.20 was enacted in 1985, predating the 1992 amendment of § 802.08(2).

employs the enlargement of time procedures established in Wis. Stat. § 801.15(2)(a).[8] In that regard, we note that § 802.08(2) requires that the adverse party "shall" file opposing affidavits, if any, at least five days before the time fixed for the hearing. When the supreme court amended § 802.08(2) in 1992, it replaced the word "may" with "shall" in regards to the service of opposing affidavits. *See* S. Ct. Order, 168 Wis. 2d xxii (1992). In statutory construction, the use of the word "shall" is usually construed as mandatory, while the word "may" is generally construed as permissive. *State v. McKenzie*, 139 Wis. 2d 171, 176–77, 407 N.W.2d 274 (Ct. App. 1987).

¶ 18. Similarly, Wis. Stat. § 801.15(2)(a) provides that when an act is required to be done at or within a specified time, and a motion to enlarge the time period is made after the expiration of the specified time, "it shall not be granted" unless the court finds that the failure to act is the result of excusable neglect. In the seminal case of *Hedtcke v. Sentry Ins. Co.*, 109 Wis. 2d 461, 469–70 n.3, 326 N.W.2d 727 (1982), our supreme court stated that, "an enlargement of time will be allowed after the time has run only when the initial failure to do the act was the result of excusable neglect and there has been no inexcusable delay in moving for

---

[8] Wisconsin Stat. § 801.15(2)(a) provides:

When an act is required to be done at or within a specified time, the court may order the period enlarged but only on motion for cause shown and upon just terms. The 90 day period under s. 801.02 may not be enlarged. If the motion is made after the expiration of the specified time, it shall not be granted unless the court finds that the failure to act was the result of excusable neglect. The order of enlargement shall recite by its terms or by reference to an affidavit in the record the grounds for granting the motion.

enlargement." The burden of establishing excusable neglect is on the party moving to enlarge the time. *Split Rock Hardwoods, Inc. v. Lumber Liquidators, Inc.*, 2002 WI 66, ¶ 50, 253 Wis. 2d 238, 646 N.W.2d 19. A party seeking an enlargement of time must provide "specific incidents and a persuasive explanation which justify the attorney's neglect during the entire period of his or her inattention." *Hedtcke*, 109 Wis. 2d at 473.

¶ 19. The only excuse Mehdian offered for the untimely filing was at the hearing, where his attorney stated:

> Your honor, my colleague is correct that the response brief last week did not have an attached affidavit. I did not have all the facts at that time. My client lives in the Orland Park, Illinois and it has been difficult long distance and our contacts have been tough. In fact, the timeline has been difficult.

Similarly, Mehdian's briefs to this court merely state, without citation to the record on appeal, that the late filing was "due to a communication problem between Mehdian and his attorney." At the very least, this purported justification fails to reveal why alleged communication problems with his client prevented Mehdian's attorney from moving for enlargement.

¶ 20. Although the decision to grant additional time is highly discretionary, *see Hedtcke*, 109 Wis. 2d at 467, that issue need not be addressed here because Mehdian did not seek to enlarge the time prior to entry of judgment. We conclude that filing opposing affidavits at least five days prior to the date of the hearing was mandatory and that, in the absence of an effort to enlarge time, the circuit court had no alternative but to

consider only Christensen's materials in determining whether to grant summary judgment.

■

¶ 21. Absent any contrary proof, the circuit court was correct in concluding Christensen established entitlement to summary judgment on the issue of liability. The materials Christensen submitted established that the tenants removed all of the contents from the interior of the leased building between 2:30 a.m. and 5 a.m. on November 13, 2003. At that time, the tenants also removed fixtures, including the furnace, light fixtures and a compressor. Those facts, coupled with the fact that Mehdian failed to pay rent for two months according to the only evidentiary material before the court, allowed the conclusion that Mehdian intended to abandon the property.[9] Accordingly, we affirm on the issue of liability.

■

¶ 22. Mehdian next argues the circuit court erred as a matter of law by refusing to hold a hearing on damages. The circuit court noted a concern that Christensen's initial affidavit failed to indicate any efforts to mitigate his damages with regard to unpaid rent. Mehdian contends that the court allowed Christensen to file a post-hearing supplemental affidavit on the issue of mitigation, but he was improperly barred from being heard on the issue. The circuit court did not cite any authority for allowing the supplemental affida-

---

[9] Attached to the affidavit was a copy of the lease, including the rental terms and a provision entitling Christensen to re-enter the premises upon abandonment, and attempt to re-let the premises for the whole or any part of the unexpired rental term.

779

vit but disallowing Mehdian an opportunity to be heard on the issue, nor does Christensen cite any authority in his brief to this court.

¶ 23. In light of the circuit court's decision to take additional evidence on the issue of damages, we conclude the court erred in not allowing Mehdian to participate. We therefore reverse on the issue of damages, and remand for a hearing on the determination of damages. In this regard, however, we note that the circuit court's concern was principally with the amount of rent remaining and Christensen's duty to mitigate those damages. This was the subject of Christensen's supplemental affidavit. Mehdian complains that he was never heard on the issue of damages, but Christensen's initial affidavit submitted in support of summary judgment contained various other items of damages that were unopposed by timely affidavit. These other items of damages are not specifically discussed in the briefs to this court, but were not the subject of Christensen's supplemental affidavit. On remand, the court shall also determine the effect of Mehdian's failure to file any timely opposing affidavits on these other various items of damages.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded.