Emily HUNTER and
Estate of Floyd Hunter, a/k/a Bob Hunter,
Plaintiffs-Appellants,

v.

AES CONSULTANTS, LTD. and American Safety Risk
Retention, Defendants-Respondents.

Court of Appeals

*No. 2006AP872. Submitted on briefs January 11, 2007.
—Decided February 7, 2007.*

2007 WI App 42

(Also reported in 730 N.W.2d 184.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Michael E. Grubb* and *Margery Mebane Tibbetts* of *Brennan, Steil & Basting, S.C.*, Janesville.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Edward F. Thompson* of *Clair Law Offices, S.C.*, Delavan, for AES Consultants, Ltd; and *Bradley W. Matthiesen* and *Elizabeth A. Co* of *Matthiesen, Wickert & Lehrer, S.C.*, Hartford, for American Safety Risk Retention.

Before Brown, Nettesheim and Anderson, JJ.

¶ 1. ANDERSON, J. Emily Hunter and the Estate of Floyd Hunter, a/k/a Bob Hunter, appeal from a summary judgment in favor of AES Consultants, Ltd., and American Safety Risk Retention. The trial court rejected the Hunters' submissions responding to the motions for summary judgment because they were late according to the Walworth County Circuit Court Rules

and an attachment to the court's scheduling order restating those rules. However, the Hunters' submissions complied with the time requirements of WIS. STAT. § 802.08(2) (2003–04).[1] This statute, not the local rules requiring earlier filing, controls the issue. We reverse the court's order striking the Hunters' responsive submissions and granting summary judgment in favor of AES and American Safety and remand the case for proceedings consistent with this opinion.

¶ 2. The facts relevant to this appeal are brief. The dispute arises out of environmental remediation services AES Consultants provided to the Hunters at their Delavan service station. In 2003, the Hunters filed suit against AES and its insurer, American Safety, claiming among other things that AES had negligently performed the remediation services and had made misrepresentations regarding the Hunters' eligibility for reimbursement from an environmental program.

¶ 3. On August 25, 2005, the trial court issued a scheduling order. The order required the parties to file motions for summary judgment by December 21 and directed the parties to an attached sheet entitled "Standard Summary Judgment Procedure." The attached sheet states that "[upon] service of the motion for summary judgment, within 20 days, any party opposing a pending motion shall serve and file" materials in opposition to the summary judgment motion.[2] American Safety filed a motion for summary judgment on

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

[2] Both the scheduling order and the Walworth County Circuit Court Rules at the time read in part:

Upon service of the motion for summary judgment, within 20 days, any party opposing a pending motion shall serve and file:

January 25, 2006, and AES filed its own motion for summary judgment on February 2. The hearing for the motions was scheduled for March 13. On February 27, the Hunters filed their brief in opposition to American Safety's motion for summary judgment.[3] On March 3, the Hunters filed supporting affidavits and a brief in response to AES' motion for summary judgment.[4]

¶ 4. Also on March 3, American Safety filed a reply brief asking the court to disregard the Hunters' summary judgment materials. American Safety argued that the Hunters had failed to timely serve and file their materials because both the scheduling order and the Walworth County Circuit Court Rules required the Hunters to serve and file their materials within twenty days of the date of service of the motion for summary judgment. The Hunters responded that they had relied upon the outdated local rules published on the State Bar of Wisconsin website, which provided that the responding party must file the briefs and supporting documentation at least five days prior to the scheduled hearing. Following a brief hearing, the trial court

a. A response to the moving party's Proposed Undisputed Facts and

b. A response to the moving party's Proposed Conclusion of Law, and

c. A brief in opposition to the motion for summary judgment, and

d. Any supporting papers, pursuant to [Wis. Stat. §] 802.08(3) that the party chooses to submit.

[3] The Hunters claim they filed their briefs and affidavits on February 25. However, the brief in response to American Safety Risk Retention's motion is stamped as received on February 27.

[4] The date stamps on the brief and affidavits are difficult to read, but the trial court docketing statements indicate that they were filed on March 3, 2006.

granted American Safety's motion to disregard the Hunters' responses and both AES' and American Safety's motions for summary judgment. The court cited the Hunters' violations of both its scheduling order and the Walworth County Circuit Court Rules. The Hunters appeal.

¶ 5. In their appeal, the Hunters challenge the trial court's application of the Walworth County Circuit Court Rules to their summary judgment filings. As a general matter, the Hunters direct our attention to WIS. STAT. § 802.08, which governs summary judgment procedure. The interpretation and application of local court rules and of statutes are questions of law we review independently. *State v. Sorenson*, 2000 WI 43, ¶ 15, 234 Wis. 2d 648, 611 N.W.2d 240.

¶ 6. WISCONSIN STAT. § 802.08(2) specifically addresses the time requirements for filing materials responding to motions for summary judgment. The Walworth County Circuit Court Rules directly conflict with that provision. As noted, the local court rules require a party to serve and file responsive submissions within twenty days of service of the motion for summary judgment. Subsection (2) of the statute, on the other hand, provides in part, "Unless earlier times are specified in the scheduling order, . . . the adverse party shall serve opposing affidavits, if any, at least 5 days before the time fixed for the hearing."

¶ 7. While trial courts have the authority to adopt and amend rules governing practice in their courts, *see Phelps v. Physicians Insurance Co. of Wis. Inc.*, 2005 WI 85, ¶¶ 74–75, 282 Wis. 2d 69, 698 N.W.2d 643 (Prosser, J., concurring in part, dissenting in part), these rules may not conflict with state statutes or uniform judicial

administration rules promulgated by the supreme court. *David Christensen Trucking & Excavating, Inc. v. Mehdian*, 2006 WI App 254, ¶ 11, 297 Wis. 2d 765, 726 N.W.2d 689. We have held on two occasions that WIS. STAT. § 802.08(2) is an example of a uniform rule that was enacted to preclude conflicting local rules. *David Christensen Trucking*, 2006 WI App 254, ¶ 13; *Ricco v. Riva*, 2003 WI App 182, ¶ 25, 266 Wis. 2d 696, 669 N.W.2d 193.

¶ 8. In our recent decision, *David Christensen Trucking*, we explored the evolution of WIS. STAT. § 802.08(2) and its relationship to local court rules. There, Mehdian filed an initial response brief four days before the summary judgment hearing and a revised response brief and an affidavit on the day of the hearing. *David Christensen Trucking*, 2006 WI App 254, ¶ 3. The circuit court refused to consider Mehdian's summary judgment materials, relying exclusively on a local rule that required parties opposing summary judgment to file their brief and opposing affidavits twenty days prior to the hearing date. *Id.*, ¶ 5. The circuit court cited *Community Newspapers, Inc. v. City of West Allis*, 158 Wis. 2d 28, 33, 461 N.W.2d 785 (Ct. App. 1990), to support its conclusion that, to enforce the local rule, the court had the authority to refuse to consider materials that were filed late. *David Christensen Trucking*, 2006 WI App 254, ¶ 5. On appeal, Mehdian contended that the local rule conflicted with § 802.08(2) and thus was "superseded" by § 802.08(2). *David Christensen Trucking*, 2006 WI App 254, ¶ 7. We agreed with Mehdian. *Id.*

¶ 9. We explained that after the decision in *Community Newspapers* our supreme court amended WIS. STAT. § 802.08(2). *David Christensen Trucking*, 2006 WI App 254, ¶ 9. At the time *Community Newspapers* was

written, § 802.08(2) had allowed service of affidavits opposing summary judgment up until the date of the hearing. *David Christensen Trucking*, 2006 WI App 254, ¶ 9. However, "[i]n practice this rule proved to be unfair because the nonmovant could serve opposing affidavits the day before the hearing, giving minimal notice and opportunity for the court and the movant to prepare." *Id.*, ¶ 11 (quoting Justice Prosser's concurrence in *Phelps*, 282 Wis. 2d 69, ¶ 77). In response, "a plethora of local rules resulted." *David Christensen Trucking*, 2006 WI App 254, ¶ 9 (quoting Judicial Council Note, 1992, to § 802.08(2)). The concern was that such local rules that vary from one county to the next had become a "snare, trapping unwary litigants." *See David Christensen Trucking*, 2006 WI App 254, ¶ 12 (quoting *Phelps*, 282 Wis. 2d 69, ¶ 78).

¶ 10. We further explained that "[t]o provide a statewide remedy, the supreme court acted by amending the rule to its current form." *David Christensen Trucking*, 2006 WI App 254, ¶ 11 (quoting Justice Prosser's concurrence in *Phelps*, 282 Wis. 2d 69, ¶ 77). We emphasized that the court had expressly made the change to "preclude such local rules and promote uniformity of practice." *David Christensen Trucking*, 2006 WI App 254, ¶ 11 (quoting Justice Prosser's concurrence in *Phelps*, 282 Wis. 2d 69, ¶ 77 and Judicial Council Note, 1992, to Wis. Stat. § 802.08(2)). Given this clear intent, we held that § 802.08(2) barred the application of local rules that imposed different time requirements. *David Christensen Trucking*, 2006 WI App 254, ¶ 13.

¶ 11. *David Christensen Trucking* is consistent with our earlier holding in *Ricco*. There, the nonmoving party filed its responsive affidavits within the time limits of Wis. Stat. § 802.08(2), but not those of the

rules of the Waukesha County Circuit Court. *Ricco*, 266 Wis. 2d 696, ¶¶ 24, 25. We held, "[T]he Judicial Council Note accompanying the enactment of the current WIS. STAT. § 802.08(2) makes clear that the statute was enacted to make uniform the time requirements for responding to a motion for summary judgment and to bar the application of local rules that imposed different time requirements." *Ricco*, 266 Wis. 2d 696, ¶ 25. Thus, § 802.08(2), not the local court rules, governed the issue of timeliness. *Ricco*, 266 Wis. 2d 696, ¶ 26.

■

¶ 12. *David Christensen Trucking* and *Ricco* teach that where, as here, a local rule conflicts with the uniform time requirements of WIS. STAT. § 802.08(2), the statute trumps the local rule. Accordingly, we hold that the trial court erroneously relied on the Walworth County Circuit Court Rules to reject the Hunters' affidavits as tardy. Section 802.08(2) controls the issue and therefore the Hunters were required to file their materials "at least five days before the time fixed for the hearing." The Hunters complied with this requirement.

■

¶ 13. AES and American Safety remind us that the trial court's scheduling order required the Hunters to file their responsive submissions within twenty days of service of the motion for summary judgment. However, the court's time requirements are not spelled out in the scheduling order itself. Rather, the time requirements are laid out in an attachment to the order entitled "Standard Summary Judgment Procedure" that is a nearly verbatim recitation of the Walworth County Circuit Court Rules. Therefore, the scheduling order, via the attachment, simply enforces the local

rules. Again, these rules are precluded as being in conflict with the uniform rule contained in Wis. Stat. § 802.08(2).

¶ 14. We recognize that the five-day rule of Wis. Stat. § 802.08(2) is not an inflexible deadline. The filing of briefs and affidavits is a matter that directly impacts a trial court's administration of its calendar and trial courts have the inherent power to control their dockets to achieve economy of time and effort. *See Lentz v. Young*, 195 Wis. 2d 457, 465, 536 N.W.2d 451 (Ct. App. 1995). Consistent with this power, § 802.08(2) specifically grants courts the authority to adjust the time requirements for filing responsive materials to suit the particulars of each case through their own scheduling orders. Section 802.08(2) (beginning with the clause, "[u]nless earlier times are specified in the scheduling order"); Judicial Council Note, 1992, to § 802.08(2) (stating that "[c]ourts may require earlier filing by scheduling orders."). Therefore, when a trial court enters a scheduling order, it may, in the sound exercise of its discretion, deviate from the requirements of § 802.08(2) "for cause shown and upon just terms." *See* Wis. Stat. § 801.15(2).

¶ 15. Here, however, we have no record of such an exercise of discretion. We have only a standard attachment to a scheduling order that recites local court rules at odds with the five-day rule of Wis. Stat. § 802.08(2). This practice of simply appending such local rules without any showing of an exercise of discretion violates the supreme court's expressed intent to bar application of local court rules conflicting with § 802.08(2) and to impose statewide uniformity of practice. For this reason, we hold that, with regard to scheduling orders,

222

trial courts that deviate from the statutory time requirements for responding to a motion for summary judgment should explain on the record why that deviation is necessary and appropriate. We appreciate that this places a burden on trial courts, but without this requirement courts could make an end-run around § 802.08(2) and continue to enforce local rules through their scheduling orders.

¶ 16. In sum, the time constraints of WIS. STAT. § 802.08(2) govern the Hunters' responsive submissions. The Hunters' submissions complied with those constraints. We reverse the order of the circuit court striking the Hunters' responsive submissions and granting summary judgment in favor of American Safety and AES and remand the matter to the trial court for proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded.