COURT OF APPEALS
DECISION
DATED AND FILED

May 6, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2023AP1354**

Cir. Ct. No. 2022CV420

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

WALNY LEGAL GROUP LLC,

PLAINTIFF-RESPONDENT,

V.

ANGELA M. WENDLING F/K/A ANGELA M. WENDLING-HAWKINS,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Outagamie County: MITCHELL J. METROPULOS, Judge. *Affirmed*.

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Angela Wendling, pro se, appeals from a decision granting summary judgment to Walny Legal Group LLC.  Wendling argues that

Walny failed to timely file its motion for summary judgment and that genuine issues of material fact precluded the circuit court from ruling in Walny's favor. We affirm.

## BACKGROUND

¶2     Walny and Wendling entered into a fee agreement for legal services, whereby Walny agreed to provide legal representation to Wendling in a divorce action.  As part of the agreement, Wendling paid Walny a $10,000 advance fee. The advance fee was held in the firm's client trust account, and the agreement stated that

> [i]f you deplete your trust account and a bill is not paid within 30 days after it is mailed to you, interest will accrue on the unpaid balance of that bill beginning the [31st] day and accruing thereafter at an interest rate of [1.5%] per month.  Interest charges will apply to specific monthly bills.

The agreement further provided that Wendling agreed to pay the costs of collection procedures, including attorney fees, if Walny was required to pursue collection of amounts due under the agreement.

¶3     During Walny's representation of Wendling in the divorce action, the firm applied the advance fee to the outstanding balance for legal services. Afterward, Wendling made some payments toward the outstanding balance;

however, she stopped making payments before the balance was fully paid.[1] Thereafter, Walny made several unsuccessful attempts to collect payment from Wendling.

¶4      In December 2021, Walny filed the present lawsuit, alleging that Wendling breached the agreement.  Walny sought a monetary judgment against Wendling for the outstanding balance of her legal bill, including interest, which totaled nearly $40,000.  Wendling filed an answer to the lawsuit asserting several affirmative defenses and a counterclaim for a monetary judgment against Walny, alleging that she overpaid for the legal services rendered.  In addition, Wendling filed a motion to change venue from the Waukesha County Circuit Court to the Outagamie County Circuit Court, which was granted in April 2022.

¶5      Following the change of venue, the circuit court held a scheduling conference in August 2022.  Thereafter, the parties engaged in extensive pretrial litigation, largely as a result of Wendling's filing of numerous motions, none of which were granted.  For example, Wendling filed motions to compel responses to discovery and to overrule Walny's objections to Wendling's discovery requests.  Wendling also subpoenaed a bank apparently used by Walny for "documents related to the forgiveness of" any Paycheck Protection Program loans, which

---

[1] Walny contends that a small balance remained in the trust account during the pendency of Wendling's divorce action and states, with citation to its appendix, that "[t]hese funds remained because Wendling refused to provide Walny written authorization to deduct those funds from trust and apply them to the outstanding balance."  However, the appendix is not the record, and, to our knowledge, this information is not in the record. *See United Rentals, Inc. v. City of Madison*, 2007 WI App 131, ¶2 n.2, 302 Wis. 2d 245, 733 N.W.2d 322; WIS. STAT. RULE 809.19(1)(d)-(e) (2023-24).

All references to the Wisconsin Statutes are to the 2023-24 version.

required additional litigation and resulted in the court granting Walny's motion to quash the subpoena and issuing a protective order.

¶6 In February 2023, Walny filed a motion for summary judgment. In support thereof, Walny argued that there were no genuine issues of material fact and that Walny was entitled to a monetary judgment against Wendling as a matter of law because she had breached the agreement. Walny sought a monetary judgment in an updated amount, which included additional interest accrued.

¶7 In a notice of hearing dated February 15, 2023, the circuit court scheduled a hearing for April 11, 2023, to address Walny's motion for summary judgment. The notice stated that Wendling's response to Walny's motion was due by March 15, 2023. On March 15, Wendling submitted a letter to the court requesting an additional 30 days to file a response brief. She also requested that the court reschedule the hearing. Wendling stated in the letter that she was making the requests under the Americans with Disabilities Act (ADA) and that she was "experiencing a significant exacerbation of [her] health issues," which she did not detail in her letter. In a letter filed on March 31, the court denied Wendling's requests to delay the briefing deadline and the hearing.[2]

¶8 On April 11, 2023, the date of the scheduled hearing, Wendling sent a letter to the circuit court requesting an adjournment due to "illness." The court granted Wendling's request, and a new hearing was scheduled for May 17, 2023.

_____

[2] On April 3, 2023, Wendling submitted a letter to the circuit court requesting that the court reconsider her request to modify the briefing schedule and move the date of the hearing. On April 10, Wendling submitted additional documents with the court regarding her requests, including doctors' notes. The court never addressed the April 3 letter, but Wendling does not raise any independent argument for reversal on that basis.

Prior to the rescheduled hearing, Wendling submitted a motion for leave to amend her counterclaim against Walny, but she did not file a formal response brief to Walny's motion for summary judgment.[3]

¶9    At the rescheduled motion hearing, Wendling argued that Walny's motion should be denied because it was not filed within eight months of the complaint. *See* WIS. STAT. § 802.08(1). She further argued that genuine issues of material fact existed because, among other things, Walny overcharged her at an attorney-rate for menial tasks, she was incorrectly charged interest because the trust account was never depleted, she was incorrectly charged interest during certain periods, and the agreement was ambiguous because it did not state whether interest would be calculated "on a simple or compound basis."

¶10    Walny argued that Wendling had not responded to its motion for summary judgment and that none of Wendling's arguments made at the hearing were supported by documentation. Moreover, Walny contended that its motion for summary judgment was timely because it complied with the circuit court's scheduling conference, which was held after the change of venue,[4] and the parties were "where we are today" because of the change of venue and the subsequent extensive litigation.

---

[3] Wendling also inquired with the circuit court as to which motions would be heard at the rescheduled hearing. On appeal, Wendling contends that she did not receive a response from the court prior to the hearing.

[4] Walny appeared to be referencing a scheduling conference that occurred in August 2022, which is not in the record before this court.

Separately, a summary judgment briefing schedule was entered but only after Walny had submitted its motion for summary judgment.

¶11    The circuit court determined that Walny's motion for summary judgment was timely due to the change of venue and the "many scheduling conferences" dealing with "motions to strike" and "motions to quash." The court then granted summary judgment to Walny because it determined that there were no genuine issues of material fact as to Walny's claim for a monetary judgment. Furthermore, the court denied Wendling's motion to amend her counterclaim and dismissed the counterclaim. Wendling filed a motion for reconsideration of the court's decisions, which the court denied.

¶12    Afterward, the circuit court entered a judgment in favor of Walny that included the payments owed under the agreement and an additional amount for attorney fees, which was objected to by Wendling but approved by the court. The judgment also stated that Walny is entitled to recover from Wendling reasonable attorney fees and costs of collection associated with the enforcement of the judgment, as well as interest at the rate specified in the agreement, per month, until the judgment is satisfied. Wendling now appeals.

## DISCUSSION

### I. Timeliness of Walny's motion for summary judgment

¶13    As she did in the circuit court, Wendling takes issue with the timing of Walny's motion for summary judgment. She argues that the court should not have considered the motion because it was not filed within eight months of Walny's summons and complaint. We review a circuit court's decision to allow a party to file a summary judgment motion after the eight-month time limit in WIS. STAT. § 802.08(1) for an erroneous exercise of discretion. *See **Lentz v. Young**,* 195 Wis. 2d 457, 466, 536 N.W.2d 451 (Ct. App. 1995), *overruled on other*

*grounds by* **Maple Grove Country Club Inc. v. Maple Grove Ests. Sanitary Dist.**, 2019 WI 43, ¶¶46-48, 386 Wis. 2d 425, 926 N.W.2d 184.

¶14    Under WIS. STAT. § 802.08(1), "A party may, within 8 months of the filing of a summons and complaint or within the time set in a scheduling order under [WIS. STAT. §] 802.10, move for summary judgment on any claim, counterclaim, cross claim, or 3rd-party claim which is asserted by or against the party." "[T]he purpose of requiring parties to file motions for summary judgment within eight months of the filing of the summons and complaint is to prevent parties from using summary judgment as a delay tactic." *Lentz*, 195 Wis. 2d at 466. "[T]he eight-month deadline is not an inflexible rule that the [circuit] courts must blindly apply," and "courts have the inherent power to control their dockets to achieve economy of time and effort." *Id.* at 465.

¶15    Here, the circuit court did not erroneously exercise its discretion by permitting Walny to file its summary judgment motion after the eight-month deadline because, as Walny contends on appeal, the court "acknowledged the plethora of procedural motions and corresponding scheduling conferences that had occurred. It further confirmed that a scheduling conference did not occur until August 2022." In other words, Walny's filing of the motion in February 2023 was not a delay tactic. *See* **Lentz**, 195 Wis. 2d at 466. Rather, it was a result of the change of venue and the subsequent extensive pretrial litigation that required the parties' and the court's attention. Under these circumstances, the court was permitted, within its inherent authority and WIS. STAT. § 801.15(2)(a), to extend

the eight-month deadline for Walny to file its motion.[5]  *See **Lentz***, 195 Wis. 2d at 465.

¶16     Wendling asserts that the change of venue was required due to Walny's failure to file the lawsuit in the correct venue, and, therefore, the change in venue should not excuse Walny's late filing.  The circuit court's decision to address the merits of the summary judgment motion did not rely solely on the delay caused by the action's change of venue.  Instead, the court reached its decision by also acknowledging the extensive pretrial litigation that occurred after the change of venue, much of it initiated by Wendling.  Likewise, the court's decision promoted judicial economy by avoiding an unnecessary trial.  *See **Lentz***, 195 Wis. 2d at 466; ***First Nat'l Bank of Columbus v. Hansen***, 84 Wis. 2d 422, 428, 267 N.W.2d 367 (1978) ("[W]here a belated motion for summary judgment is predicated on a legal issue totally dispositive of the case, the motion does not cause delay but rather expedites the disposition of the litigation, and the [circuit] court does not [erroneously exercise] its discretion in permitting it."); WIS. STAT. § 801.01(2) (stating that WIS. STAT. chs. 801 to 847 "shall be construed, administered, and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding").

---

[5] Wendling does not argue that the circuit court was required to comply with WIS. STAT. § 801.15(2)(a) to enlarge the eight-month time period within its discretion, and we will not address that statute further.

In addition, we note that Wendling appears to argue in her reply brief that the circuit court's decision to extend the eight-month deadline violated her due process rights. We will not address this argument further because Wendling raised it for the first time in her reply brief. *See **State v. Reese***, 2014 WI App 27, ¶14 n.2, 353 Wis. 2d 266, 844 N.W.2d 396.

¶17 Importantly, the record does not support a conclusion that Wendling was prejudiced by the circuit court's decision to permit Walny to file the motion for summary judgment after the eight-month deadline. *See Lentz*, 195 Wis. 2d at 466 (stating the record was "devoid of any indication" that the circuit court's decision to permit a party to file a motion for summary judgment after the eight-month deadline "was prejudicial" to the opposing party). Wendling argues that she was prejudiced by the court's decision because Walny's motion for summary judgment was intended "to cut off [her] opportunity to amend her counterclaim." However, the court found that the motion was filed beyond the eight-month deadline due to the change of venue and extensive pretrial litigation. Moreover, Wendling fails to explain how her proposed amended counterclaim would have altered the outcome of the court's summary judgment decision. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (stating that we may decline to address undeveloped arguments). In short, we conclude that the court properly exercised its discretion in deciding to address the merits of Walny's motion.

## II. Wendling's motion for extension

¶18 Wendling next asserts that the circuit court erroneously exercised its discretion by denying her request for additional time to file a response to Walny's motion for summary judgment.[6] The court did not provide its reasoning for

---

[6] Walny did not address Wendling's argument that the circuit court erred by denying her request for an extension, and Wendling contends that Walny therefore conceded the issue. *See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979). We decline to summarily reverse the circuit court's judgment based on Walny's purported concession. Whether a party concedes an argument by failing to respond to that argument is a discretionary determination by this court. *See id.* Because Wendling's arguments on this issue are largely undeveloped, and resolving the issue requires a limited review of the record, we exercise our discretion to address the merits.

(continued)

rejecting Wendling's request. Although the proper exercise of discretion contemplates that a circuit court explain its reasoning, when a court does not do so, we may search the record to determine if it supports the court's discretionary decision. *Randall v. Randall*, 2000 WI App 98, ¶7, 235 Wis. 2d 1, 612 N.W.2d 737.

¶19 Under the facts of this case, and upon considering the record as a whole, we conclude that the circuit court did not erroneously exercise its discretion by denying Wendling's extension motion pursuant to the ADA. Wendling's request for an extension was made the day her response was due, despite the court's scheduling order having been issued over one month prior. Thus, Wendling's request for an extension could be seen both as tardy and, if granted, as fundamentally altering the proceedings and imposing an undue burden on the court and Walny by extending the lawsuit, which had been ongoing for well over one year. We also note that Wendling did not detail, in her initial request, what her medical condition entailed or why it prevented her from filing a timely response to Walny's motion for summary judgment.

¶20 Wendling's arguments to the contrary are largely undeveloped, and she has provided no authority within the ADA, or authority interpreting the ADA, requiring courts to grant same-day requests for deadline extensions, particularly where the requesting party had over one month to timely file the submission.

---

Furthermore, we note that Wendling does not challenge the circuit court's decision via scheduling order to require an earlier response from Wendling to Walny's motion for summary judgment than would otherwise have been required by statute. *See* WIS. STAT. § 802.08(2) (stating that the adverse party to a motion for summary judgment "shall serve opposing affidavits, if any, at least 5 days before the time fixed for the hearing" "[u]nless earlier times are specified in [a] scheduling order"); *Hefty v. Strickhouser*, 2008 WI 96, ¶¶45, 51, 312 Wis. 2d 530, 752 N.W.2d 820 (stating that § 802.08(2) permits a court to require earlier filing by scheduling order).

*See* ***Pettit***, 171 Wis. 2d at 646. Furthermore, Wendling does not appear to challenge the circuit court's decision not to move the scheduled hearing date as a result of Wendling's ADA request. Regardless, the court eventually rescheduled the hearing at Wendling's request due to illness, and there would be no cause for reversal in this case on that basis.

### III.  Merits of Walny's motion for summary judgment

¶21    Finally, Wendling argues that genuine issues of material fact precluded a grant of summary judgment in favor of Walny. In making this argument, Wendling contends that despite her not responding to Walny's motion, she submitted materials to the circuit court throughout the course of the litigation which demonstrated genuine issues of material fact.

¶22    "We review an order for summary judgment de novo, using the same methodology as the circuit court." ***Yahnke v. Carson***, 2000 WI 74, ¶10, 236 Wis. 2d 257, 613 N.W.2d 102. Summary judgment shall be awarded if "there is no genuine issue as to any material fact and … the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2). We resolve "[a]ny reasonable doubt as to the existence of a genuine issue of material fact … against the moving party." ***Schmidt v. Northern States Power Co.***, 2007 WI 136, ¶24, 305 Wis. 2d 538, 742 N.W.2d 294 (citation omitted). "If a moving party has established a prima facie case [for summary judgment], the opposing party must then establish that there are disputed material facts, or undisputed material facts from which reasonable alternative inferences could be drawn, that entitle such a party to a trial." ***Baumeister v. Automated Prods., Inc.***, 2004 WI 148, ¶12, 277 Wis. 2d 21, 690 N.W.2d 1.

¶23    The circuit court did not err by granting Walny's summary judgment motion and dismissing Wendling's counterclaims.  Wendling never submitted a formal and timely written response to Walny's motion for summary judgment.[7] Contrary to Wendling's implicit assertions on appeal, the circuit court had no duty to independently sift through the voluminous discovery that Wendling submitted throughout the litigation to unearth issues of fact, and Wendling could not simply rely on her previously submitted pleadings, such as her answer and counterclaims, to suggest that there were issues of fact, as she does on appeal.  *See* WIS. STAT. § 802.08(3).  When a motion for summary judgment is made and supported by affidavits and "papers," "an adverse party may not rest upon the mere allegations or denials of the pleadings."  *Id.*  Rather, "the adverse party's response, by affidavits or as otherwise provided [§ 802.08], must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against such party." *Id.*

---

[7] Wendling contends that she did respond to the motion for summary judgment when she submitted an April 3, 2023 document titled, "Notice of Filing, Admissions of [Walny]."  The notice of filing listed over 60 allegedly unanswered questions that were sent in August 2022 to Walny as requests for admissions.  *See* WIS. STAT. § 804.11.  According to Wendling's notice of filing, Walny had conceded all of the factual issues in Wendling's favor because Walny had failed to answer her requests for admissions.  Wendling referenced some of the "admissions" during the summary judgment hearing, but the circuit court did not specifically address whether Walny filed a response to Wendling's requests for admissions.

On appeal, the parties disagree over whether Walny filed a response to Wendling's requests for admissions.  Both Walny and Wendling provide "evidence" on this issue in their respective appendixes.  However, the evidence provided by both parties is not in the record, which it must be for us to consider on appeal.  *See United Rentals*, 302 Wis. 2d 245, ¶2 n.2. Regardless, Wendling's April 3 submission was filed well beyond the scheduling order deadline of March 15, and the circuit court never found that Walny failed to respond to Wendling's requests, which is particularly important here because the parties engaged in extensive pretrial litigation surrounding discovery.  Therefore, we do not conclude, as a matter of law, that Walny conceded any issues as suggested by Wendling.  *See generally* WIS. STAT. § 804.11(1)(b).

¶24 Similarly, an adverse party cannot merely wait to submit evidence and argument against the merits of a summary judgment motion until a hearing. This last-minute, no-notice type of argument is precisely what the summary judgment statute—or, alternatively, a scheduling order—are designed to prevent. *See* WIS. STAT. § 802.08(2); **Hefty v. Strickhouser**, 2008 WI 96, ¶44, 312 Wis. 2d 530, 752 N.W.2d 820 (stating that a prior version of § 802.08(2), allowing the adverse party to file affidavits and papers the day before a hearing, "proved to be unfair because the nonmovant could serve opposing affidavits the day before the hearing, giving the court and the movant minimal notice and opportunity to prepare").

¶25 Absent any contrary evidence, the circuit court was correct in concluding that Walny was entitled to summary judgment. *See **David Christensen Trucking & Excavating, Inc. v. Mehdian***, 2006 WI App 254, ¶¶20-21, 297 Wis. 2d 765, 726 N.W.2d 689. "The elements of any breach of contract claim are (1) the existence of a contract between the plaintiff and the defendant; (2) breach of that contract; and (3) damages." **Pagoudis v. Keidl**, 2023 WI 27, ¶12, 406 Wis. 2d 542, 988 N.W.2d 606.

¶26 There is no dispute that the agreement at issue in this case is a contract between Walny and Wendling. Moreover, the documentation in the record, including affidavits and billing records, clearly demonstrates that Wendling failed to make timely payments on the outstanding balance owed to Walny, despite Walny providing legal representation as dictated by the agreement. Likewise, Walny proved the precise amount of money Wendling still owed under the agreement, including interest. Thus, Walny made a prima facie case for summary judgment, and it was Wendling's burden to establish genuine issues of material fact entitling her to a trial. *See **Baumeister***, 277 Wis. 2d 21, ¶12. As

explained above, Wendling failed to establish genuine issues of material fact because she did not timely file a response to Walny's motion for summary judgment.

¶27 Wendling asserts that genuine issues of material fact exist as to several issues, including whether Walny "performed its duties under" the agreement by billing certain tasks at an attorney rate rather than at a paralegal rate; whether Walny correctly applied interest to the account; and whether Walny mitigated its damages. However, as explained above, these arguments, lacking any supporting evidence, were not properly before the circuit court when it decided Walny's motion for summary judgment, and this court need not consider them.

¶28 Furthermore, Wendling contends that interest should have been calculated on a simple, not compounded, basis and that the circuit court violated her due process rights when it granted judgment to Walny awarding the accrued interest. Walny conceded that compound interest was not applicable under the agreement. However, Walny argued that the submitted evidence demonstrated that simple interest was applied. The circuit court appeared to agree with Wendling at the hearing, stating, "It does appear that simple interest was compounded. Again, if the [c]ourt would grant summary judgment and allow [Walny] to submit billing and the judgment, Ms. Wendling could still object to that."

¶29 After issuing its decision, the circuit court stated, "Counsel can submit a final order consistent with the ruling today, and then Ms. Wendling certainly would have the authority to object to the final numbers that are in that judgment." Following the hearing, the court backtracked its finding, stating that it

had found "that the interest calculated by [Walny] was 'simple' interest and not 'compound' interest." Regardless, Walny submitted a proposed judgment amount, and Wendling never responded prior to the court's signing of that document over one week later. We therefore reject her argument that she was denied due process or that interest was calculated incorrectly.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.