Robert C. SINGLER, Plaintiff-Respondent,

v.

ZURICH AMERICAN INSURANCE COMPANY,
Defendant-Appellant,

Jeffrey J. MAULICK, Acuity, a mutual insurance
company and Time Insurance Company,
Defendants.

Court of Appeals

*No. 2014AP391. Submitted on briefs August 12, 2014.
—Decided September 16, 2014.*

2014 WI App 108

(Also reported in 855 N.W.2d 707.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Paul J. Pytlik* and *Andrew J. Versnik* of *Hills Legal Group, Ltd.*, Waukesha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Michael S. Siddall* and *Michael C. Menghini* of *Herrling Clark Law Firm Ltd.*, Appleton.

Before Hoover, P.J., Stark, J., and Thomas Cane, Reserve Judge.

¶ 1. STARK, J. Zurich American Insurance Company agreed to pay Robert Singler $1.9 million to settle Singler's personal injury claim against Zurich's insured.[1] After Zurich failed to pay Singler within thirty days of the settlement date, Singler moved the circuit court to impose twelve-percent annual interest on the settlement amount, beginning thirty days after the settlement agreement was reached until the date Zurich paid the settlement amount in full. The circuit court granted Singler's motion and entered a judgment awarding him $23,112.42 in interest.

---

[1] The settlement agreement did not provide for a payment deadline or the entry of judgment in this amount if not paid by a date certain.

¶ 2. On appeal, Zurich argues Singler was not entitled to interest on the settlement amount. In response, Singler contends the circuit court properly ordered Zurich to pay interest pursuant to Wis. Stat. § 628.46,[2] which requires an insurer to pay twelve-percent annual interest on any undisputed claim not paid within thirty days after the insurer receives written notice of the claim. Zurich asserts § 628.46 is inapplicable because this case involves an insurer's failure to pay an amount required by a settlement agreement resolving a disputed claim, not the failure to pay an undisputed claim.

¶ 3. We agree with Zurich that Wis. Stat. § 628.46 does not apply when an insurance company fails to pay an amount required by a settlement agreement resolving a disputed claim within thirty days after the agreement is reached. Nevertheless, we conclude the circuit court properly imposed a thirty-day time limit for payment of the settlement amount. A reasonable time for payment is implied when a contract does not specify a time for performance. Here, the circuit court concluded a thirty-day time limit was reasonable under the circumstances, and Zurich has not convinced us that finding was clearly erroneous. We therefore affirm in part.

¶ 4. However, we agree with Zurich that the circuit court should have calculated the interest due using a rate of five percent per year, pursuant to Wis. Stat. § 138.04, instead of twelve percent. Accordingly, we reverse in part and remand with directions that the court recalculate the amount of interest using an annual interest rate of five percent.

---

[2] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

## BACKGROUND

¶ 5. This case arises out of a motor vehicle accident that occurred on November 18, 2007, between vehicles operated by Singler and Jeffrey Maulick. Maulick's vehicle was owned by his employer and insured by Zurich. Singler sued Zurich and Maulick on August 18, 2010. The case was mediated on July 20, 2012, but no settlement agreement was reached.

¶ 6. A seven-day jury trial was scheduled to begin on January 28, 2013. A second mediation was held on November 16, 2012, during which Zurich offered Singler $1,500,000 to settle the case. That offer was not accepted, and on January 7, 2013, Zurich sent Singler an Offer of Judgment for $1,750,000, which Singler again declined. Finally, on January 18, 2013, the day of the final pretrial conference, Zurich offered Singler an additional $150,000, for a total settlement amount of $1,900,000. Singler accepted the January 18 offer.

¶ 7. Singler's attorney, Michael Siddall, sent a letter to Zurich's attorney, Paul Pytlik, on January 18 confirming the case had been settled for $1.9 million. Attorney Pytlik "confirmed" the settlement by signing the January 18 letter. In the letter, attorney Siddall inquired "how long it would be before the [settlement] check [was] forthcoming[.]" On January 25, attorney Pytlik responded it would "take at least a month to get the check authorized out of Australia[.]"

¶ 8. As of February 27, 2013, the settlement amount remained unpaid. Consequently, on February 28, Singler moved the circuit court for an order requiring Zurich to pay twelve-percent annual interest on the settlement amount, beginning thirty days after the settlement date until the settlement amount was paid in full. Singler's motion was based on WIS. STAT.

§ 628.46, which is entitled "Timely payment of claims." Section 628.46(1) provides in relevant part:

> Unless otherwise provided by law, an insurer shall promptly pay every insurance claim. A claim shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of the loss. If such written notice is not furnished to the insurer as to the entire claim, any partial amount supported by written notice is overdue if not paid within 30 days after such written notice is furnished to the insurer. Any part or all of the remainder of the claim that is subsequently supported by written notice is overdue if not paid within 30 days after written notice is furnished to the insurer. Any payment shall not be deemed overdue when the insurer has reasonable proof to establish that the insurer is not responsible for the payment, notwithstanding that written notice has been furnished to the insurer. . . . All overdue payments shall bear simple interest at the rate of 12% per year.

¶ 9. In response, Zurich argued WIS. STAT. § 628.46 was inapplicable because "[o]nce the . . . lawsuit was settled, the dispute between the parties became a contract issue and not an insurance claim issue." Zurich further asserted the settlement contract, as set forth in attorney Siddall's January 18 letter, did not specify any time for payment. Because no time for payment was specified, Zurich asserted "a reasonable time [was] implied." Zurich argued it had not been given a reasonable time to pay the settlement amount because Singler moved for interest only thirty-eight days after the settlement was reached, even though attorney Pytlik informed attorney Siddall on January 25 that it would take at least one month to get a check authorized from Australia.

¶ 10. A motion hearing was held on March 14, 2013. During the hearing, counsel for Zurich informed the court the settlement amount had not been paid because Maulick's employer, an Australian corporation, had a $2 million self-insured retention. Counsel explained,

> So, therefore, they have to tender what is left of the first 2 million and subtract defense costs as well as the settlement in a companion case. . . . And then the XL carrier who has the insurance after that has to determine how much they're going to pay.

> And we have offered our clients numerous solutions to have one person pay and that the other reimburse them, and they're still I think just shuffling through who pays what.

> It's not—I don't think it's a question of, you know, whether or not they will pay. It's just who pays what at this time.

¶ 11. Following argument by both parties, the circuit court granted Singler's motion for interest on the settlement amount. The court reasoned:

> I take the position that when the settlement is reached on January 18th, the obligation accrues, and . . . there ought to be expected a reasonable time to—to make payment.

> Now, what's reasonable under these circumstances, though, is . . . something that . . . you'd have to say is close to right away.

¶ 12. In support of its comment that payment by Zurich should have been reasonably expected with some immediacy, the court noted that the case had been pending for some time and another related case was

tried in the same court. The parties had participated in mediation, and Zurich made prior settlement offers of $1.5 and $1.75 million. By the end of the jury trial on January 27, Zurich should reasonably have expected to pay a verdict "for a lot of money . . . in the range of what they ultimately were talking about here." With a settlement on the eve of trial it would be expected that Zurich would have the reserves to pay in a timely manner. The court concluded:

> I suppose [you] can reasonably expect to have to set the wheels in motion, but setting the wheels in motion is setting the wheels in motion for a business entity that's in the business of covering losses, in the business of anticipating that when you make an agreement, you've got to pay . . . . [T]his business has to act like a business, and . . . cutting a check within a week is what I find to be reasonable.

¶ 13. On June 14, 2013, the court entered a written order requiring Zurich to pay interest on the settlement amount "at a rate of 12% from January 25, 2013 until paid." The order noted the "agreed upon settlement amount was paid . . . and received on March 26, 2013." Accordingly, Zurich was ordered to pay Singler a total of $37,739.70 in interest.

¶ 14. On October 4, 2013, Singler moved to amend the order "so that the time for calculating the judgment would begin 30 days after the settlement as opposed to 7 days after the settlement[,]" which would reduce the amount of interest to $23,112.42. Singler argued that, in its original decision, the circuit court "correctly based its award of interest on [Wis. Stat. § 628.46], but deviated from the application of such statute when it determined that payment should have been made within seven days of the settlement." As before, Zurich responded it did not believe any interest

should be imposed on the settlement amount. However, Zurich also raised the additional argument that, if the court did impose interest, the interest rate should be limited to five percent per year, pursuant to Wis. Stat. § 138.04.

¶ 15. Following a hearing, the circuit court issued a written decision granting Singler's motion to amend the order so that Zurich would be required to pay interest beginning thirty days after the settlement date. The court explained:

> [Wisconsin Stat. §] 628.46 does address itself explicitly to payment of determinable claims. This is contended by the defense to be distinguishable from payment of a mutually negotiated settlement of a contested claim. It is contended that there has been no explicit application of the 30–day 12 percent interest rules in § 628.46 . . . to a negotiated settlement of a contested claim. Clearly however, the settlement serves to liquidate the claim. The statute certainly represents a declaration of public policy that the insurer must be prepared to satisfy a liquidated claim in a time-limited fashion and should expect, by the payment of interest, to compensate the claimant. It is reasonable to apply the statutory interest rate and time constraint to the claim liquidated by mutual agreement.
>
> The Court's view is that the unstated time for payment condition might reasonably be less than the 30 days provided for in the statutory formula. This is because there was such extended and particularized notice of the extent of the claim. This notice arose out of the extensive litigation process, the mediation, the settlement offer, and the additional negotiations. That is not however before the Court, given the plaintiff's modified request for relief.

In accordance with Singler's request, the court entered a judgment awarding Singler $23,112.42 in interest on the settlement amount. Zurich now appeals.

## DISCUSSION

■

¶ 16. On appeal, Singler argues the circuit court properly imposed interest on the settlement amount, pursuant to Wis. Stat. § 628.46. Zurich, in turn, argues § 628.46 is inapplicable. To resolve this dispute, we must interpret § 628.46 and apply it to undisputed facts. "The interpretation and application of a statute to an undisputed set of facts are questions of law that we review independently." *McNeil v. Hansen,* 2007 WI 56, ¶ 7, 300 Wis. 2d 358, 731 N.W.2d 273.

■

¶ 17. Statutory interpretation begins with the language of the statute. *State ex rel. Kalal v. Circuit Court for Dane Cnty.,* 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meanings. *Id.* Statutes must be interpreted in context, and reasonably, to avoid absurd results. *Id.,* ¶ 46. Where statutory language is unambiguous, there is no need to consult extrinsic sources of interpretation, such as legislative history. *Id.* A statute is ambiguous if its ability to support two reasonable constructions creates an ambiguity that cannot be resolved through the language of the statute itself. *Orion Flight Servs., Inc. v. Basler Flight Serv.,* 2006 WI 51, ¶ 17, 290 Wis. 2d 421, 714 N.W.2d 130.

¶ 18. WISCONSIN STAT. § 628.46(1) requires insurers to "promptly pay every insurance claim[,]" unless otherwise provided by law. The statute further states a "claim" "shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of the loss." WIS. STAT. § 628.46(1). As Singler observes, our supreme court has held that § 628.46 "unambiguously includes third-party claimants" and "is not limited in its application only to 'first-party' claims by 'insureds.'" *Kontowicz v. American Standard Ins. Co.*, 2006 WI 48, ¶ 27, 290 Wis. 2d 302, 714 N.W.2d 105. To recover under the statute, a third-party claimant must establish that: (1) there is no question of liability on the part of the insured; (2) the amount of damages is in a sum certain amount; and (3) the claimant provided the insurer with written notice of both liability and the sum certain amount owed. *Id.*, ¶ 48.

¶ 19. Singler argues these requirements were met in the instant case because: (1) liability was not in question; (2) after the parties reached the settlement agreement, Zurich owed Singler a sum certain of $1.9 million; and (3) Singler's counsel provided written notice of the settlement agreement to Zurich's counsel on January 18, 2013. What Singler fails to recognize, however, is that the interest allowed by WIS. STAT. § 628.46 is limited to situations where an insurer fails to pay an insurance *claim* within thirty days. Here, Zurich failed to pay a *contractual settlement* of an insurance claim within thirty days. Singler cites no authority for the proposition that § 628.46 can apply when an insurer fails to pay an amount required by a settlement agreement resolving a disputed claim, and we are not aware of any case applying the statute under those circumstances.

615

¶ 20. Further, while liability is undisputed in this case, we do not agree with Singler that his damages were in a "sum certain amount." *See Kontowicz*, 290 Wis. 2d 302, ¶ 48. Although Zurich agreed to pay Singler $1.9 million, it did not concede that amount represented the actual amount of Singler's damages. Instead, Zurich simply agreed to pay Singler $1.9 million in full settlement of his claim, presumably because Zurich did not want to take the risk a jury would award Singler more and wanted to avoid the expense of a seven-day jury trial. The settlement amount reflects the parties' compromise, not the actual amount of Singler's damages. Thus, while the settlement was in a sum certain amount, Singler's damages were not.

¶ 21. In addition, we agree with Zurich that Singler's interpretation of WIS. STAT. § 628.46 is unreasonable because it would deny parties flexibility in settling insurance claims. We can conceive of situations in which parties might want settlement payments to be made more than thirty days after the date of settlement —for instance, in order to accommodate the particular needs of the parties, payments from other sources, or where payments are anticipated to be made over a period of time rather than in a lump sum. Under Singler's interpretation of § 628.46, any amounts not paid within thirty days of the settlement date would be subject to twelve percent annual interest, despite the parties' intent to allow later payments. Section 628.46 was enacted to encourage payment of undisputed claims. Nothing in the statutory language reflects a legislative intent to restrict parties' ability to select mutually agreeable contract terms in settlement of disputed claims. We therefore agree with Zurich that § 628.46 is inapplicable under the circumstances.

¶ 22. Nevertheless, we agree with Singler that the circuit court properly imposed a thirty-day time limit for payment of the settlement amount. The parties agree that their settlement agreement did not contain any time limit for payment. They also agree that, when a contract does not contain a time limit for performance, a reasonable time is implied. *See Delap v. Institute of Am., Inc.*, 31 Wis. 2d 507, 512, 143 N.W.2d 476 (1966); *see also American Nat'l Prop. & Cas. Co. v. Nersesian*, 2004 WI App 215, ¶ 14, 277 Wis. 2d 430, 689 N.W.2d 922 ("[A] settlement agreement is a contract and is governed by the traditional requirements for contracts."). What constitutes a reasonable time under the circumstances is a question of fact. *Delap*, 31 Wis. 2d at 512. A circuit court's factual findings will not be set aside unless they are clearly erroneous. Wis. Stat. § 805.17(2).

¶ 23. The circuit court initially concluded seven days was a reasonable time for payment of the settlement amount. On Singler's motion, the court changed the time limit to thirty days, based on Wis. Stat. § 628.46. Zurich argues that "[n]either seven (7) days nor thirty (30) days can be considered a reasonable time to comply [with the settlement agreement]" because Singler "was informed that it would take *at least one month* just to have the settlement check authorized out of Australia and no other more definite terms were requested."

¶ 24. Zurich has not convinced us the circuit court's finding that thirty days was a reasonable time for payment was clearly erroneous.[3] Although Zurich

---

[3] Although the circuit court never explicitly found that thirty days was a reasonable time limit for payment of the

notes that it informed Singler it would take at least one month to obtain the settlement check from Australia, Zurich does not explain on appeal why that was the case. Without knowing why Zurich needed that much time to make the payment, we cannot conclude the circuit court's imposition of a thirty-day time limit was clearly erroneous.[4]

¶ 25. Further, the circuit court specifically found the following facts, which Zurich does not dispute:

- At the time of settlement, Singler's case had been pending for an extended period of time;

- Zurich had previously made settlement offers of $1.5 million and $1.75 million;

- The parties did not settle until the eve of trial; consequently, as of the settlement date, Zurich would have known that, in a relatively short time, the jury could award damages in the range of Zurich's previous settlement offers;

- Zurich had been involved in the trial and settlement of a companion case; and

- Zurich was in the business of covering losses.

Based on these facts, the circuit court found that Zurich "had a long time to anticipate that they might pay

settlement, that finding is implicit in the court's finding that seven days was a reasonable time limit for payment. In other words, if the court concluded it was reasonable to expect Zurich to pay the settlement within seven days, the court necessarily believed it was reasonable to expect Zurich to pay within thirty days.

[4] Zurich asserted in the circuit court that it needed additional time to pay the settlement because of a dispute with its insured over "who pays what." However, Zurich does not argue on appeal that that dispute rendered the thirty-day time limit for payment unreasonable.

something approaching a couple million bucks." Consequently, the court concluded it was reasonable to expect Zurich to pay the settlement within thirty days. That finding is amply supported by the record and is not clearly erroneous. We therefore affirm the circuit court's judgment to the extent it awarded Singler interest beginning thirty days after the date of settlement.

¶ 26. However, we agree with Zurich that the circuit court should have calculated the amount of interest using an annual interest rate of five percent, rather than twelve percent. The court used a twelve-percent interest rate pursuant to Wis. Stat. § 628.46, but we have concluded that statute is inapplicable. Singler does not cite any other grounds for applying a twelve-percent interest rate.

¶ 27. Zurich asserts a five-percent interest rate is proper under Wis. Stat. § 138.04, which states that, unless the parties' contract specifies a different rate, "[t]he rate of interest upon the loan or forbearance of any money, goods or things in action shall be $5 upon the $100 for one year and according to that rate for a greater or less sum or for a longer or a shorter time[.]" *See also Murray v. Holiday Rambler, Inc.*, 83 Wis. 2d 406, 438–39, 265 N.W.2d 513 (1978) ("In the absence of a specific contractual rate of interest, prejudgment interest must be calculated at the legal rate of the statute."). In *Diversified Management Services, Inc. v. Slotten*, 119 Wis. 2d 441, 450, 351 N.W.2d 176 (Ct. App. 1984), we applied the five-percent interest rate set forth in § 138.04 to an unpaid arbitration award, reasoning that the lease containing the arbitration provision did not "specify what rate of interest [was] to be applied to amounts due under it[,]" and "[w]here no other rate is clearly expressed in writing, the interest on obligations

runs at the legal rate of five percent per year." Similarly, where a compromise agreement executed in a real estate transaction did not specify an interest rate, our supreme court held that the five-percent rate set forth in § 138.04 applied. *Estreen v. Bluhm*, 79 Wis. 2d 142, 158, 255 N.W.2d 473 (1977).

¶ 28. The settlement agreement between Singler and Zurich did not specify the rate of interest that would apply if Zurich failed to timely pay the settlement amount. We therefore agree with Zurich that, pursuant to WIS. STAT. § 138.04 and the cases cited in the preceding paragraph, the proper interest rate was five percent per year. Moreover, Singler does not respond to Zurich's argument that, if WIS. STAT. § 628.46 is inapplicable, the proper interest rate is five percent. Arguments not refuted are deemed conceded. *Charolais Breeding Ranches, Ltd. v. FPC Secs. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979). Accordingly, we reverse the circuit court's judgment to the extent it applied a twelve-percent annual interest rate, and we remand with directions that the court recalculate the amount of interest using an annual interest rate of five percent.

¶ 29. Neither party shall receive appellate costs. *See* WIS. STAT. RULE 809.25(1).

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded with directions.