GUNDRUM, J.[1]
¶1 Tracy McCarthy appeals pro se from the order convicting him of disorderly conduct. For the following reasons, we affirm.
¶2 McCarthy was charged with criminal disorderly conduct. The State moved to amend to a Waukesha County ordinance forfeiture violation for disorderly conduct. McCarthy pled to that amended charge, but he now appeals.
¶3 McCarthy raises numerous "issues" on appeal: (1) the trial court "erred in proceeding, when McCarthy's witnesses were properly served and did not show up for trial"; (2) the trial court abused its discretion "by allowing multiple continuances, thus denying McCarthy's right to a speedy trial"; (3) the trial court abused its discretion "by allowing testimony from the impeached arresting officer, Kurt Kezeske to influence the jury"; (4) the trial court abused its discretion "by allowing multiple discovery violations"; (5) the trial court "abused its discretion by not allowing the t.v.6now video of Kurt Kezeske into the record"; and (6) the trial court erred "by allowing a conflict of interest to occur whereas the judge's clerk had a direct interest in the outcome of [the] trial."
¶4 McCarthy can prevail on none of his claims of error. To begin, he fails to provide any citations to the record, and "we will not consider arguments unsupported by citations to the record." See State v. Boshcka , 178 Wis. 2d 628, 637, 496 N.W.2d 627 (Ct. App. 1992) (citation omitted). Furthermore, he does not include any transcripts from trial court proceedings related to his claims of error, and "[i]t is the appellant's responsibility to ensure completion of the appellate record and when an appellate record is incomplete in connection with an issue raised by the appellant, we must assume that the missing material supports the trial court's ruling." Gaethke v. Pozder , 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381 (citation omitted). Additionally, McCarthy develops no legal arguments in support of his "issues" and thus cannot prevail on that basis as well.[2] See Wisconsin Conference Bd. of Trs. of United Methodist Church, Inc. v. Culver , 2001 WI 55, ¶38, 243 Wis. 2d 394, 627 N.W.2d 469 (we do not address insufficiently developed arguments); see also Industrial Risk Insurers v. American Eng'g Testing, Inc. , 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82 ("[W]e will not abandon our neutrality to develop arguments" for the parties.); State v. Pettit , 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("We may decline to review issues inadequately briefed.").
¶5 In its reply brief, the State focuses on the fact McCarthy pled to the charge as amended from criminal disorderly conduct to a disorderly conduct ordinance violation. While McCarthy briefs his appeal at times as if he had a jury trial, he cites to no support in the record, and we are able to find none, indicating he had a trial, and the judgment of conviction indicates the matter was resolved by McCarthy's plea to the ordinance violation, as the State asserts. The State argues McCarthy has waived his appellate claims as a result of his plea before the trial court, relying upon the well-known rule that "in most instances, a defendant who pleads guilty waives all nonjurisdictional defects and defenses." See State v. Smiter , 2011 WI App 15, ¶9, 331 Wis. 2d 431, 793 N.W.2d 920 (2010). In his reply brief, McCarthy fails to in any way refute the State's argument that this "guilty-plea waiver rule" applies in this case. As a result, we consider McCarthy to have conceded the State's position that he waived his right to appeal when he pled to the charge at issue. See Singler v. Zurich Am. Ins. Co. , 2014 WI App 108, ¶28, 357 Wis. 2d 604, 855 N.W.2d 707 ("Arguments not refuted are deemed conceded.").
¶6 While we recognize that McCarthy is pro se, he is still required to abide by the same rules governing attorneys. See Waushara Cty. v. Graf , 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992). It is an appellant's burden to demonstrate that the trial court erred. Gaethke , 376 Wis. 2d 448, ¶36. He has failed to meet that burden.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(f) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

For "issues" one, two, three, and five, McCarthy provides a one-sentence statement, and on issues four and six he provides two sentences and five sentences, respectively. In none of these "arguments" does McCarthy cite to any legal authority or develop any legal argument supportive of his complaints of error by the trial court.