COURT OF APPEALS
DECISION
DATED AND FILED

June 9, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2024AP2465**

**STATE OF WISCONSIN**

Cir. Ct. No.  2023SC33499

**IN COURT OF APPEALS
DISTRICT I**

MERRILL PARK LLC C/O HACM,

PLAINTIFF-APPELLANT,

V.

PARTY SEALED BY JUDGE MORALES-42,

DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Milwaukee County: REYNA I. MORALES, Judge. *Affirmed*.

¶1    DONALD, C.J.[1]    Merrill Park LLC c/o the Housing Authority of the City of Milwaukee (HACM) (hereinafter, Merrill Park) appeals an order of the

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

circuit court which dismissed in full its claims against its former tenant, Creelthous Burse. Merrill Park argues that the inclusion of an abandonment clause in its lease agreement with Burse did not constitute a violation of WIS. STAT. § 704.44(2m); that, even if it did constitute a violation, the result would be a periodic tenancy governed by the provisions of WIS. STAT. ch. 704; and that, under such periodic tenancy, Burse was required to establish that she suffered a pecuniary loss in order to be entitled to damages.

¶2 Merrill Park contends that the circuit court erred when it waived Burse's burden of proving damages, and concluded that her damages included all unpaid rent and costs under the lease agreement. In addition, Merrill Park argues that the court erred when it failed to address Merrill Park's argument that WIS. ADMIN. CODE ch. ATCP 134 does not apply to Merrill Park because it is a government housing provider. For the following reasons, we affirm the order of the circuit court.

## BACKGROUND

¶3 On October 11, 2023, Merrill Park served its then-tenant, Creelthous Burse, with a 30-day notice to pay the delinquent rent of $5728 or vacate the premises. Burse failed to cure the notice within the 30-day notice period.

¶4 Merrill Park subsequently initiated an eviction action on December 21, 2023. On January 17, 2024, Merrill Park and Burse appeared at the return date and the commissioner issued a writ of restitution of the premises which was ultimately executed by the sheriff's department on February 13, 2024.

¶5 Merrill Park thereafter sought to recoup the amount it claimed Burse owed; however, Burse raised legal challenges as to the validity of the lease

agreement. Specifically, Burse argued that the abandonment clause in the lease constituted a voidable lease provision, in violation of WIS. STAT. § 704.44(2m) and WIS. ADMIN. CODE § ATCP 134.08, meaning that Burse did not owe the balance alleged by Merrill Park. Burse also brought a counterclaim against Merrill Park, arguing that, because the lease was voidable, Burse was entitled to the return of all funds she paid to Merrill Park under the lease agreement, along with double damages and attorney's fees under WIS. STAT. § 100.20(5).

¶6     After briefing and oral argument, the circuit court found that the abandonment clause in the lease agreement was a voidable lease provision in violation of WIS. STAT. § 704.44(2m) and WIS. ADMIN. CODE § ATCP 134.08. The court therefore found the entire lease agreement to be void and denied in full Merrill Park's claims for unpaid rent and fees. Apart from declaring the lease void, the court did not explain its reasoning or make findings regarding Merrill Park's other arguments. The court also denied Burse's counterclaim in full. Merrill Park now appeals.

## STANDARD OF REVIEW

¶7     The issues herein generally involve statutory interpretation, which is a question of law that we review de novo. *Zubek v. Edlund*, 228 Wis. 2d 783, 788, 598 N.W.2d 273 (Ct. App. 1999). The remaining issues involve the application of statutes to undisputed facts and contract language presented before the circuit court; the application of a statute to a set of undisputed facts is another issue that we review de novo. *State v. P.G. Miron Constr. Co.*, 181 Wis. 2d 1045, 1052, 512 N.W.2d 499 (1994). "Further, when interpreting administrative regulations, we use the same rules of interpretation as we apply to statutes." *DaimlerChrysler v. LIRC*, 2007 WI 15, ¶10, 299 Wis. 2d 1, 727 N.W.2d 311.

## DISCUSSION

**I.** **The circuit court correctly determined that the abandonment clause violated WIS. STAT. § 704.44.**

¶8 Merrill Park argues that the circuit court's sole basis for denying Merrill Park's request for judgment for unpaid rent and other costs was its conclusion that the abandonment clause in the lease was a violation of WIS. STAT. § 704.44(2m). That statute provides that any residential lease is void and unenforceable if it "[a]uthorizes the eviction or exclusion of a tenant from the premises, other than by judicial eviction procedures as provided under [WIS. STAT.] ch. 799."[2]

¶9 The abandonment clause in Merrill Park's lease agreement states:

> If RESIDENT abandons the Premises before expiration or termination of this Lease, its extension or renewal, or if the tenancy is terminated for RESIDENT breach of this Lease, MANAGEMENT AGENT shall make reasonable efforts to rent the Premises and apply any rent received, less costs of renting, to RESIDENT obligations under this Lease. RESIDENT shall remain liable for any deficiency.
>
> If RESIDENT is absent from the Premises for two successive weeks without notifying MANAGEMENT AGENT in writing of this absence, MANAGEMENT AGENT may deem the Premises abandoned unless rent has been paid for the full period of the absence.
>
> If RESIDENT personal property is left on the Premises after RESIDENT vacates or abandons the

---

[2] WISCONSIN STAT. § 704.44 is identical to WIS. ADMIN. CODE § ATCP 134.08. WISCONSIN STAT. § 100.20(5) "supplies the teeth" to § ATCP ch. 134, *Kaskin v. John Lynch Chevrolet-Pontiac Sales, Inc.*, 2009 WI App 65, ¶9, 318 Wis. 2d 802, 767 N.W.2d 394, and anyone who suffers a pecuniary loss because of a violation of § ATCP ch. 134 "shall recover twice the amount of such pecuniary loss, together with costs, including a reasonable attorney fee."

Premises, RESIDENT shall be deemed to have abandoned the property and MANAGEMENT AGENT shall deal with it as provided by the law, [WIS. STAT. §] 704.05(5).

¶10     Merrill Park points out that the clause was never even at issue as it relates to Burse's tenancy or the eviction action against her. Merrill Park argues that the language of the clause clearly does not "authorize the eviction or exclusion of a tenant from the premises," except through the small claims eviction process. Merrill Park insists that the clause is only applicable when a tenant has voluntarily removed themselves from the property and does not intend to return, and in such cases, the clause prescribes management's obligation to mitigate its damages by reletting the property, and addresses how to handle any personal property left in the rented premises.

¶11     In support of its argument, Merrill Park points to *Young v. Landstar Investments LLC*, No. 2014AP2507, unpublished slip op. (WI App Dec. 3, 2015), in which the plaintiff made an identical argument—that the abandonment clause in Young's lease was a violation of WIS. STAT. § 704.44(2m), rendering the lease agreement void and unenforceable, and relieving Young from the responsibility to pay any rent owed. The abandonment clause in *Landstar* read:

> If Tenant shall abandon the premises before the expiration of the lease term, Landlord shall make reasonable effort to release premises and shall apply any rent received, less costs of re-leasing, to the rent due or to become due on the lease, and tenant shall [sic] liable for any deficiency. If Tenant is absent from the premises for three successive weeks and rent for that same month has not been paid in full, without notifying Landlord in writing to such absence, Landlord, at its sole option, may deem the premises abandoned. If at abandonment Tenant leaves any property in the leased premises, Landlord shall have the right to dispose of the property as provided by law.

*Landstar*, No. 2014AP2507, ¶21.

¶12    Merrill Park argues that the abandonment clause in **Landstar** is nearly identical to the abandonment clause in its lease agreement here.  Merrill Park asserts that both clauses address the landlord's duty to mitigate its damages if the tenant abandons the premises before expiration of the lease term; that the landlord may deem the premises abandoned if the tenant is absent for a specific period and rent remains unpaid; and how to handle personal property remaining in the rented premises.

¶13    In addition, Merrill Park argues that the circuit court was precluded from finding the lease agreement void "because it is preempted from doing so by federal law and regulations."  Merrill Park posits that, as a public housing authority, Merrill Park/HACM is subject to and governed by a host of federal laws and regulations promulgated by the U.S. Department of Housing and Urban Development (HUD).  Notably, however, Merrill Park does not point us to any federal law or regulation that it claims preempts state law in this instance.

¶14    Merrill Park argues that federal law and regulations governing HACM preempt the enforcement of state landlord-tenant laws when those state laws stand as an obstacle to the accomplishment or execution of one of Congress' objectives.  *See Milwaukee City Hous. Auth. v. Cobb*, 2015 WI 27, ¶14, 361 Wis. 2d 359, 860 N.W.2d 267.  Merrill Park insists that, since HUD has already determined that the lease agreement satisfies federal regulations, state law is preempted from determining that the lease is void.  It points in the direction of the HUD Occupancy Handbook, which it claims allows owners to initiate an eviction action in response to an extended absence of abandonment of the unit by the tenant.  However, it should be noted that the section of the Handbook to which Merrill Park points us includes a caveat that, while "owners may establish rules specifying when tenants give up their right to occupancy because of their extended

6

absence or abandonment of the unit," such rules "regarding extended absence and abandonment *must be consistent with state and local law*."[3]  We are therefore unpersuaded that the HUD Handbook somehow would allow Merrill Park to contravene the prohibitions in WIS. STAT. § 704.44(2m).

¶15    Merrill Park also argues that abandonment clauses in leases are incredibly common, and that if this court found that such a provision renders a lease agreement void, it would "throw state landlord-tenant matters into chaos[.]" Ultimately, Merrill Park concludes that the persuasive precedent set by *Landstar*, the lack of any explicit prohibition against abandonment clauses in the statutes, as well as the guidance from the HUD Handbook, all establish that the abandonment clause in Merrill Park's lease is not a voidable lease term.

¶16    In contrast, Burse argues that WIS. STAT. § 704.44(2m) unambiguously prohibits the drafting of a lease that allows a landlord to exclude a tenant without going through the statutory eviction process and unambiguously allows Merrill Park to exclude a tenant from the premises without following the statutory eviction process, thereby violating § 704.44(2m).  As an example, Burse posits that, by the terms of the abandonment clause, if a tenant had been hospitalized for three weeks and unable to contact their landlord due to the hospitalization, the landlord would be able to deem the premises abandoned, enter the premises, dispose of any of the tenant's personal property, change the locks, and re-rent the premises to a new tenant, all without giving the tenant any

---

[3] U.S. Dep't of Hous. & Urb. Dev., HUD Handbook 4350.3 REV-1, Occupancy Requirements of Subsidized Multifamily Housing Programs, § 6-9(B)(2) (2013), https://www.hud.gov/sites/documents/43503c6hsgh.pdf.

termination notice or allowing the tenant the opportunity to deny having abandoned the premises.

¶17    In deciding this issue, we begin with the language of the statute. "Statutory interpretation begins with the language of the statute. Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meanings." *Singler v. Zurich Am. Ins. Co.*, 2014 WI App 108, ¶17, 357 Wis. 2d 604, 855 N.W.2d 707.

¶18    WISCONSIN STAT. § 704.44(2m) unambiguously prohibits the inclusion of any provision that allows for the eviction or exclusion of a tenant except by the judicial eviction process. Here, the abandonment clause could allow for the unauthorized eviction or exclusion of a tenant, because there is nothing in the lease provision that distinguishes between a tenant who is still legally in possession of the property and one who is not.

¶19    While Merrill Park points to *Landstar* to support its position, we find *Landstar* unpersuasive. The court in *Landstar* did not conduct any analysis as to what factors demonstrate whether a tenant is no longer in possession of the premises. *See David Christensen Trucking & Excavating, Inc. v. Mehdian*, 2006 WI App 254, ¶21, 297 Wis. 2d 765, 726 N.W.2d 689 (finding that the circuit court properly concluded that tenants intended to abandon the property where they removed all of their belongings and fixtures from the premises and had failed to pay rent for two months); *Rapids Assocs. v. Shopko Stores, Inc.*, 96 Wis. 2d 516, 519, 292 N.W.2d 668 ("The definition of abandonment, as applied to leases, involves an absolute relinquishment of the premises by a tenant, and consists of an act or omission and an intent to abandon.").

¶20 We also note that nothing in the statutes specifically allows for abandonment clauses. Merrill Park points us to statutes that address when a tenant has abandoned their *personal* property (not real property) or when a periodic tenant moves out without prior notice, but those statutes are only in terms of when the tenancy is properly terminated, not when the premises have been abandoned.

¶21 The abandonment clause in Merrill Park's lease, on its face, gives Merrill Park the ability to deem the premises abandoned and excluding the tenant without going through the eviction procedures in WIS. STAT. ch. 799. It is the inclusion of an illegal provision itself that violates the statute. *See Baierl v. McTaggart*, 2001 WI 107, ¶23, 245 Wis. 2d 632, 629 N.W.2d 277. This is true regardless of whether the landlord ever seeks to enforce the illegal provision. *Id.*, ¶28; *see also Koble Invs. v. Marquardt*, 2024 WI App 26, ¶41 n.9, 7 N.W.3d 915. Because the lease provision violates WIS. STAT. § 704.44(2m), the entire lease is void and unenforceable. It follows, then, that Merrill Park cannot enforce the lease agreement against Burse. *See* WIS. STAT. § 100.20(5); *Baierl*, 245 Wis. 2d 632, ¶2 (determining that, because the lease included a voidable lease provision, the landlord could not enforce the lease agreement against the tenants). We therefore conclude that the circuit court did not err when it found that Merrill Park's abandonment clause violated § 704.44(2m).

## II. The circuit court did not err when it declined to find that the result of a voided lease is a periodic tenancy.

¶22 Merrill Park argues that the plain language of the statutes directs that if a lease is found to be void, the tenancy reverts to a periodic tenancy. Merrill Park argues that, under such resulting periodic tenancy, rent would continue to be owed, with the result not being an "ungoverned, undefined relationship between the parties under which the landlord is unable to collect any delinquent rent and

the tenant no occupancy rights." Merrill Park takes issue with the fact that, after the circuit court determined that the lease agreement was void, it apparently provided no further explanation, reasoning, or support for its decision denying Merrill Park's request for judgment.

¶23 Merrill Park points out that WIS. STAT. § 704.01(2) defines a "periodic tenant" as a "tenant who holds possession without a valid lease and pays rent on a periodic basis." Merrill Park reasons that, if a lease agreement is found to be void and unenforceable, it is no longer a "valid" lease, and the only reasonable result is that the tenant would then be a "periodic tenant" whose tenancy is governed by the rules and procedures of WIS. STAT. ch. 704.

¶24 Merrill Park argues that such a result "benefits landlords and tenants alike" because it "frees tenants from rental agreements with illegal lease terms" while also assuring that "landlords receive compensation for the premises being provided[.]" Merrill Park also posits that this prevents the relationship from being undefined to the point that neither party is sure what rules govern it.

¶25 In contrast, Burse argues that Merrill Park has no right to seek to recover damages under an illegal and void lease agreement. In addition, Burse points out that "[h]ad the legislature intended the drafter of a contract containing the prohibited clauses to retain some benefit, language to effectuate that goal would have been inserted." Burse argues that allowing Merrill Park to recover funds owed under a void contract under a theory of unjust enrichment or *quantum meruit* "is a backdoor way to sever the prohibited clause and relieve Merrill Park of any significant consequences for including it in the lease."

¶26 In this court's opinion, to find that Burse's tenancy was a periodic tenancy would be to make a logical leap that is not explicitly allowed by the

statutes. The legislature could have said that the result of a lease agreement found void and unenforceable is a periodic tenancy, but it did not. "We assume that the legislature's intent is expressed in the statutory language." *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110. In addition, making such a finding would, in essence, simply be a workaround way for Merrill Park to still enforce the lease, which we have already determined is unenforceable.

¶27 We also believe that doing so would defeat the purpose behind the statute. *See Baierl*, 245 Wis. 2d 632, ¶25 (acknowledging that the realm of residential landlord-tenant relations is "an area fraught with consumer protection concerns" and that there is "an inherent inequality of bargaining power between landlords and tenants"). The purpose of the statute is to deter landlords from including such provisions in their lease agreements and to protect tenants who enter into such agreements. If we were to conclude that an illegal lease provision converts a tenancy into a periodic one, "[l]andlords would have little incentive to omit such clauses and change their practice. A landlord could insert the clauses with relative impunity[.]" *Id.*, ¶34. "[P]ermitting a landlord to enforce a lease containing [a] prohibited provision counteracts the larger goal of encouraging tenant enforcement … to deter unlawful conduct on the part of landlords and to enforce public rights." *Id.*, ¶36. We conclude that the circuit court did not err when it declined to find that Burse's voided lease converted into a periodic tenancy.

**III. The remaining issues raised by Merrill Park are moot.**

¶28 Lastly, Merrill Park argues that the circuit court erred when it determined, "without evidence," that the appropriate damages to be awarded to

11

Burse constituted the total amount of unpaid rent, costs, and fees for which Merrill Park sought judgment. Merrill Park argues that this decision improperly shifted the burden of proof away from Burse to prove her pecuniary loss. Merrill Park also takes issue with the fact that the court failed to consider the inapplicability of the ATCP to Merrill Park, given the governmental status of HACM.

¶29 Notably, however, Burse was not awarded any damages by the circuit court. Instead, her counterclaim was denied in full, as counsel acknowledged that they didn't "really have any good response to [Merrill Park's] most recent filing regarding the limits of the application of … the notice of claim requirements." Burse has not appealed that denial. Thus, any issues regarding the counterclaim, including the applicability or inapplicability of the ATCP, are moot. "Generally, moot issues will not be considered on appeal," *State v. Jeremiah C.*, 2003 WI App 40, ¶10, 260 Wis. 2d 359, 659 N.W.2d 193, and Merrill Park has provided us with no reason why we should make an exception in this case. We therefore decline to address these issues any further.

## CONCLUSION

¶30 For all of the aforementioned reasons, we affirm the order of the circuit court.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.