COURT OF APPEALS
DECISION
DATED AND FILED

June 9, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2464**

STATE OF WISCONSIN

Cir. Ct. No. 2024SC1914

IN COURT OF APPEALS
DISTRICT I

HOUSING AUTHORITY OF THE CITY OF MILWAUKEE,

PLAINTIFF-APPELLANT,

V.

PARTY SEALED BY JUDGE MORALES-42,

DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Milwaukee County: REYNA I. MORALES, Judge. *Affirmed*.

¶1 DONALD, C.J.[1] The Housing Authority of the City of Milwaukee (HACM) appeals an order of the circuit court which dismissed in full its claims

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

against its former tenant, Sharee Dunn. HACM argues that the inclusion of an abandonment clause in its lease agreement with Dunn did not constitute a violation of WIS. STAT. § 704.44(2m); that even if it did constitute a violation, the result would be a periodic tenancy governed by the provisions of WIS. STAT. ch. 704; and that, under such periodic tenancy, Dunn was required to establish that she suffered a pecuniary loss in order to be entitled to damages.

¶2 HACM contends that the circuit court erred when it waived Dunn's burden of proving damages, and concluded that her damages included all unpaid rent and costs under the lease agreement. In addition, HACM argues that the court erred when it failed to address HACM's argument that the WIS. ADMIN. CODE ch. ATCP 134 does not apply to HACM because it is a government housing provider. For the following reasons, we affirm the order of the circuit court.

## BACKGROUND

¶3 On September 15, 2023, HACM served its then-tenant, Sharee Dunn, with a 30-day notice to pay the delinquent rent of $9,708 or vacate the premises. After failing to cure the notice within the 30-day time period, HACM initiated an eviction action against Dunn on January 23, 2024.

¶4 By the time the parties appeared for a contested hearing, Dunn had already voluntarily vacated the property. As of the date that Dunn vacated the property, her account was purportedly delinquent in the amount of $16,466.59, which included $15,803.93 in unpaid rent, $120.00 in debris fees, $1,306.66 in unpaid excess appliance charges/late fees, with a deduction of $764.00 to account for her security deposit. HACM's records indicated that Dunn had received three total rent payments from various community organizations, totaling $20,117.00, but that Dunn herself had not made a single rent payment since 2020.

¶5 HACM sought to recoup the amount it claimed that Dunn owed; however, Dunn raised legal challenges as to the validity of the lease agreement. Specifically, Dunn argued that the abandonment clause in the lease constituted a voidable lease provision, in violation of WIS. STAT. § 704.44(2m) and WIS. ADMIN. CODE § ATCP 134.08, meaning that Dunn did not owe the balance alleged by HACM. Dunn also brought a counterclaim against HACM, arguing that, because the lease was voidable, Dunn was entitled to a return of all funds she paid to HACM under the lease agreement, along with double damages and attorneys fees under WIS. STAT. § 100.20(5).

¶6 After briefing and oral argument, the circuit court found that the abandonment clause in the lease agreement was a voidable lease provision in violation of WIS. STAT. § 704.44(2m) and WIS. ADMIN. CODE § ATCP 134.08. The court therefore found the entire lease agreement to be void and denied in full HACM's claims for unpaid rent and fees. Apart from declaring the lease void, the court did not explain its reasoning or make findings regarding HACM's other arguments. The court also denied Dunn's counterclaim in full. HACM now appeals.

## STANDARD OF REVIEW

¶7 The issues herein generally involve statutory interpretation, which is a question of law that we review de novo. *Zubek v. Edlund*, 228 Wis. 2d 783, 788, 598 N.W.2d 273 (Ct. App. 1999). The remaining issues involve the application of statutes to undisputed facts and contract language presented before the circuit court; the application of a statute to a set of undisputed facts is another issue that we review de novo. *State v. P.G. Miron Constr. Co.*, 181 Wis. 2d 1045, 1052, 512 N.W.2d 499 (1994). "Further, when interpreting administrative

regulations, we use the same rules of interpretation as we apply to statutes." *DaimlerChrysler v. LIRC*, 2007 WI 15, ¶10, 299 Wis. 2d 1, 727 N.W.2d 311.

## DISCUSSION

### I. The circuit court correctly determined that the abandonment clause violated WIS. STAT. § 704.44.

¶8 HACM argues that the circuit court's sole basis for denying HACM's request for judgment for unpaid rent and other costs was its conclusion that the abandonment clause in the lease was a violation of WIS. STAT. § 704.44(2m). That statute provides that any residential lease is void and unenforceable if it "[a]uthorizes the eviction or exclusion of a tenant from the premises, other than by judicial eviction procedures as provided under ch. 799."[2] In other words, HACM argues, the statute prohibits landlords from engaging in "self-help" evictions.

¶9 The abandonment clause in HACM's lease agreement states:

> If the Resident vacates or abandons the dwelling unit, or permits it to remain vacant for a period of fourteen (14) days without prior notice to or without consent of the Landlord, the Landlord may elect to treat such abandonment of the dwelling as a termination of the lease and may elect to take possession of the premises for the purpose of mitigating the damages for which the Resident is liable, with or without giving any notice or demand for possession to the Resident; and the Resident hereby grants the Landlord full and free license to enter into and upon said premises or any part thereof, and take possession with or without process of law, and to remove the furniture and

---

[2] WIS. STAT. § 704.44 is identical to WIS. ADMIN. CODE § ATCP § 134.08. WISCONSIN STAT. § 100.20(5) "supplies the teeth" to § ATCP ch. 134, *Kaskin v. John Lynch Chevrolet-Pontiac Sales, Inc.*, 2009 WI App 65, ¶9, 318 Wis. 2d 802, 767 N.W.2d 394, and anyone who suffers a pecuniary loss because of a violation of ATCP ch. 134 "shall recover twice the amount of such pecuniary loss, together with costs, including a reasonable attorney fee."

all personal property from said premises, in accordance with the provisions of Chapter 704 of Wisconsin State Law; and such entry shall not constitute a forcible entry, nor ensue a forfeiture of rents due under this Lease, nor a waiver of any covenant or provision in said Lease contained, to be performed by the Resident.

¶10 HACM insists that the lease provision is a standard abandonment clause and that the clause was never even at issue as it relates to Dunn's tenancy or the eviction action against her. HACM argues that the language of the clause clearly does not "authorize the eviction or exclusion of a tenant from the premises," except through the small claims eviction process. HACM further argues that the provision is only applicable when a tenant has voluntarily removed themselves from the property and does not intend to return, and in such cases, the provision prescribes management's obligation to mitigate its damages by reletting the property, and addresses how to handle any personal property left in the rented premises.

¶11 In support of its argument, HACM points to *Young v. Landstar Investments LLC*, No. 2014AP2507, unpublished slip op. (WI App Dec. 3, 2015), in which the plaintiff made an identical argument—that the abandonment clause in Young's lease was a violation of WIS. STAT. § 704.44(2m), rendering the lease agreement void and unenforceable, and relieving Young from the responsibility to pay any rent owed. The abandonment clause in that case read:

If Tenant shall abandon the premises before the expiration of the lease term, Landlord shall make reasonable effort to release premises and shall apply any rent received, less costs of re-leasing, to the rent due or to become due on the lease, and tenant shall [sic] liable for any deficiency. If Tenant is absent from the premises for three successive weeks and rent for that same month has not been paid in full, without notifying Landlord in writing to such absence, Landlord, at its sole option, may deem the premises abandoned. If at abandonment Tenant leaves any property

5

in the leased premises, Landlord shall have the right to dispose of the property as provided by law.

*Landstar*, No. 2014AP2507, ¶21.

¶12    HACM argues that the abandonment clause in *Landstar* is nearly identical to the abandonment clause in its lease agreement.  HACM asserts that both clauses address the landlord's duty to mitigate its damages if the tenant abandons the premises before expiration of the lease term; that the landlord may deem the premises abandoned if the tenant is absent for a specific period and rent remains unpaid; and how to handle personal property left in the rented premises.

¶13    HACM takes issue with the fact that the circuit court did not explain why it disagreed with the persuasive authority of *Landstar*, or provide any analysis as to why it believed the situations are distinguishable.  HACM also points out that the court failed to explain how a tenant would be "evicted" pursuant to the provision when, as identified in *Landstar*, an abandonment clause is only applicable when the tenant is no longer in possession of the property.[3]

¶14    HACM also argues that abandonment clauses in leases are incredibly common and that if this court found that such a provision renders a lease agreement void, it would "throw state landlord-tenant matters into chaos[.]" Ultimately, HACM concludes that the persuasive precedent set by *Landstar*, the lack of any explicit prohibition in the statutes, as well as the guidance from the

---

[3] HACM further supports its argument by pointing to the Wisconsin Legal Blank residential lease agreement and the handbook for the Department of Housing and Urban Development (HUD); however, as pointed out by Dunn, these materials were not made a part of the record.  *See Sedlet Plumbing & Heating, Inc. v. Village Ct., Ltd.*, 61 Wis. 2d 479, 483, 212 N.W.2d 681 (1973) (stating that "[a]n appellate court must confine itself to the record").

HUD Handbook, all establish that the abandonment clause in HACM's lease is not a voidable lease term.

¶15 In contrast, Dunn argues that for "the purposes of the statute, it is irrelevant whether a landlord ever actually seeks to enforce one of the prohibited clauses" because the "harm occurs in the drafting and signing of a lease with a prohibited clause." Dunn points out that WIS. STAT. § 704.44 is unique, in that it prohibits language from being included in the rental agreement and imposes a penalty beyond simple unenforceability of the individual provision, instead rendering the entire contract void and unenforceable. Dunn argues that "[e]nforcing the statute only when a landlord sought to use the prohibited clause would frustrate the legislative purpose of prevention at the point of the drafting of the rental agreement."

¶16 Dunn further argues that the abandonment clause in HACM's lease agreement unambiguously allows HACM to exclude a tenant from the premises without going through the judicial eviction process. As an example, Dunn posits that, under the lease provision, a tenant who was hospitalized for three weeks and unable to contact their landlord due to the hospitalization would have technically left the premises vacant for over fourteen days without asking the landlord's permission; this would allow the landlord, under the lease, to elect to treat this absence as an abandonment, and the landlord could enter the premises, change the locks, dispose of the tenant's personal belongings, and re-rent the premises all without going through the judicial eviction process or allowing the tenant an opportunity to deny that they had abandoned the premises. Dunn points out that, importantly, the lease provision doesn't condition such a determination on the absence coinciding with non-payment of rent, and thus, the clause allows all of the above to occur even when the tenant has paid their rent in full.

¶17     In deciding this issue, we begin with the language of the statute. "Statutory interpretation begins with the language of the statute. Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meanings." *Singler v. Zurich Am. Ins. Co.*, 2014 WI App 108, ¶17, 357 Wis. 2d 604, 855 N.W.2d 707.

¶18     WISCONSIN STAT. § 704.44(2m) unambiguously prohibits the inclusion of any provision that allows for the eviction or exclusion of a tenant except by the judicial eviction process. Here, the abandonment clause *could* allow for the unauthorized eviction or exclusion of a tenant, because there is nothing in the lease provision that distinguishes between a tenant who is still in possession of the property and one who is not. While HACM points to *Landstar* to support its position, we note that the decision in *Landstar* was based on the fact that the abandonment clause in the lease was premised on the tenant no longer being in possession of the property.[4] The abandonment clause in *Landstar* can be distinguished from HACM's because the clause in *Landstar* was premised, at least in part, on the tenant having not paid their rent for that month. This is an important distinction: if a tenant has not paid their rent for that month, they are no longer in possession of the property. In addition, it should be noted that HACM's

_____

[4] We do acknowledge, however, that the court in *Landstar* failed to conduct any analysis as to what factors demonstrate whether a tenant is no longer in possession of the premises. *See David Christensen Trucking & Excavating, Inc. v. Mehdian*, 2006 WI App 254, ¶21, 297 Wis. 2d 765, 726 N.W.2d 689 (finding that the circuit court properly concluded that tenants intended to abandon the property where they removed all of their belongings and fixtures from the premises and had failed to pay rent for two months); *Rapids Assocs. v. Shopko Stores, Inc.*, 96 Wis. 2d 516, 519, 292 N.W.2d 668 ("The definition of abandonment, as applied to leases, involves an absolute relinquishment of the premises by a tenant, and consists of an act or omission and an intent to abandon.").

lease provision allows the landlord "to enter into and upon said premises or any part thereof, and take possession *with or without process of law*." (Emphasis added.) The lease provision in **Landstar** contained no such language.

¶19 It is the inclusion of an illegal provision itself that violates the statute. *See* **Baierl v. McTaggart**, 2001 WI 107, ¶23, 245 Wis. 2d 632, 629 N.W.2d 277. This is true regardless of whether the landlord ever seeks to enforce the illegal provision. *Id.*, ¶28; *see also* **Koble Invs. v. Marquardt**, 2024 WI App 26, ¶41 n.9, 7 N.W.3d 915. Because the lease provision violates WIS. STAT. § 704.44(2m), the entire lease is void and unenforceable. It follows, then, that HACM cannot enforce the lease agreement against Dunn. *See* WIS. STAT. § 100.20(5); **Baierl**, 245 Wis. 2d 632, ¶2 (determining that, because the lease included a voidable lease provision, the landlord could not enforce the lease agreement against the tenants). We therefore conclude that the circuit court did not err when it found that HACM's lease provision violated § 704.44(2m).

## II. The circuit court did not err when it declined to find that the result of a voided lease is a periodic tenancy.

¶20 HACM argues that the plain language of the statutes directs that if a lease is found to be void, the tenancy reverts to a periodic tenancy. HACM argues that, under such resulting periodic tenancy, rent would continue to be owed, with the result not being an "ungoverned, undefined relationship between the parties under which the landlord is unable to collect any delinquent rent and the tenant no occupancy rights." HACM takes issue with the fact that, after the circuit court determined that the lease agreement was void, it apparently provided no further explanation, reasoning, or support for its decision denying HACM's request for judgment.

9

¶21   HACM points out that WIS. STAT. § 704.01(2) defines a "periodic tenant" as a "tenant who holds possession without a valid lease and pays rent on a periodic basis." HACM reasons that, if a lease agreement is found to be void and unenforceable, it is no longer a "valid" lease, and the only reasonable result is that the tenant would then be a "periodic tenant" whose tenancy is governed by the rules and procedures of WIS. STAT. ch. 704.

¶22   HACM argues that such a result "benefits landlords and tenants alike" because it "frees tenants from rental agreements with illegal lease terms" while also assuring that "landlords receive compensation for the premises being provided[.]" HACM also posits that this prevents the relationship from being undefined to the point that neither party is sure what rules govern it.

¶23   In contrast, Dunn argues that HACM has no right to seek to recover damages under an illegal and void lease agreement. In addition, Dunn points out that "[h]ad the legislature intended the drafter of a contract containing the prohibited clauses to retain some benefit, language to effectuate that goal would have been inserted." Dunn argues that allowing HACM to recover funds owed under a void contract under a theory of unjust enrichment or *quantum meruit* "is a backdoor way to sever the prohibited clause and relieve HACM of any significant consequences for including it in the lease."

¶24   In this court's opinion, to find that Dunn's tenancy was a periodic tenancy would be to make a logical leap that is not explicitly allowed by the statutes. The legislature could have said that the result of a lease agreement found void and unenforceable is a periodic tenancy, but it did not. "We assume that the legislature's intent is expressed in the statutory language." ***State ex rel. Kalal v. Circuit Ct. for Dane Cnty.***, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110.

In addition, making such a finding would, in essence, simply be a workaround way for HACM to still enforce the lease, which we have already determined is unenforceable.

¶25     We also believe that doing so would defeat the purpose behind the statute.  *See* **Baierl**, 245 Wis. 2d 632, ¶25 (acknowledging that the realm of residential landlord-tenant relations is "an area fraught with consumer protection concerns" and that there is "an inherent inequality of bargaining power between landlords and tenants").  The purpose of the statute is to deter landlords from including such provisions in their lease agreements and to protect tenants who enter into such agreements.  If we were to conclude that an illegal lease provision converts a tenancy into a periodic one, "[l]andlords would have little incentive to omit such clauses and change their practice.  A landlord could insert the clauses with relative impunity[.]"  **Id.**, ¶34.  "[P]ermitting a landlord to enforce a lease containing [a] prohibited provision counteracts the larger goal of encouraging tenant enforcement … to deter unlawful conduct on the part of landlords and to enforce public rights."  **Id.**, ¶36.  We conclude that the circuit court did not err when it declined to find that Dunn's voided lease converted into a periodic tenancy.

### III.     The remaining issues raised by HACM are moot.

¶26     Lastly, HACM argues that the circuit court erred when it determined, "without evidence," that the appropriate damages to be awarded to Dunn constituted the total amount of unpaid rent, costs, and fees for which HACM sought judgment.  HACM argues that this decision improperly shifted the burden of proof away from Dunn to prove her pecuniary loss.  HACM also takes issue

with the fact that the court failed to consider the inapplicability of the ATCP to HACM, given its status as a governmental entity.

¶27 Notably, however, Dunn was not awarded any damages by the circuit court. Instead, her counterclaim was denied in full, as counsel acknowledged that they didn't "really have any good response to [HACM's] most recent filing regarding the limits of the application of … the notice of claim requirements." Dunn has not appealed that dismissal. Thus, any issues regarding the counterclaim, including the applicability or inapplicability of the ATCP to HACM, are moot. "Generally, moot issues will not be considered on appeal," *State v. Jeremiah C.*, 2003 WI App 40, ¶10, 260 Wis. 2d 359, 659 N.W.2d 193, and HACM has not provided us with a reason why we should make an exception in this case. We therefore decline to address these issues any further.

## CONCLUSION

¶28 For all of the aforementioned reasons, we affirm the order of the circuit court.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

12